## S00Y1917. IN THE MATTER OF LARRY W. THRELKELD.

### (539 SE2d 823)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Special Master filed pursuant to Bar Rule 4-106 (e) and recommending that Respondent Larry W. Threlkeld be disbarred for his violation of Standard 66 (conviction of any felony or misdemeanor involving moral turpitude shall be grounds for disbarment) of Bar Rule 4-102 (d). Threlkeld pled guilty to public indecency, a violation of OCGA § 16-6-8, and was sentenced in July 2000. The State Bar filed a "Petition for Appointment of Special Master Under Bar Rule 4-106" seeking Threlkeld's disbarment; Threlkeld was served with the Petition; and a show cause hearing was convened by the special master. On October 31, 2000, the State Bar filed the special master's report with this Court and, pursuant to Bar Rule 4-106 (e), upon that filing, this Court is empowered to order such discipline as deemed appropriate.

A review of the record establishes that on September 29, 1998, Threlkeld went to the Marietta Regional Youth Detention Center to visit his 17-year-old client who was detained at the Center on a juvenile probation revocation. Threlkeld was representing the client on the revocation matter and had represented the client and his mother on prior occasions and, in approximately February 1997, had invited the client, the client's mother, who was without a job, and the client's other siblings to stay in his house. At the time of the incident, the client's mother and sister were still living in Threlkeld's house. On the date in question, the client's mother asked Threlkeld to check on the client, who had been diagnosed that day by a Center nurse as having a hernia. In spite of the diagnosis, the client's probation officer had refused to delay his transfer to a boot camp facility scheduled for the next day. Threlkeld met with the client in a holding cell used for attorney visitation. The cell, which was located in a high traffic area, had windows and a visible closed circuit television camera connected to monitors in both a central room and the Center director's office. The director observed Threlkeld massaging his client's penis and went to the holding cell whereupon Threlkeld and the client were placed in separate locations. Although Threlkeld claimed that he could not remember the incident due to his having low blood sugar and not having eaten, the director testified that Threlkeld, who ate at the Center subsequent to the incident, was in full control of his faculties both before and after he ate.

On the same evening, a Cobb County police officer received a call from the Center asking her to begin a report on the incident and spoke with the client. According to the officer, the client was initially reluctant to talk and did not want to say anything to get Threlkeld

into trouble, but also stated that he was having problems with a hernia, that he thought that Threlkeld was just going to check the area of the hernia, that Threlkeld touched his penis, and that as soon as he asked Threlkeld to stop, Threlkeld did. Threlkeld subsequently was arrested and charged with public indecency.

In determining the appropriate discipline in this matter, we find no mitigating circumstances, noting in particular that Threlkeld has not offered to pay for counseling for his client; has not even acknowledged that his behavior was inappropriate; and has not claimed that his diabetes or low blood sugar caused him to engage in the inappropriate behavior or was so severe that lenient discipline is warranted. In aggravation of discipline, we note Threlkeld's substantial experience in the practice of law, having been admitted to practice in 1977; the vulnerability of the victim; Threlkeld's failure to acknowledge the wrongful nature of his conduct; his seeming indifference to making restitution by paying for counseling for the victim; and his history of prior discipline, having received a public reprimand in 1989 for violating Standard 65 (prohibition against commingling funds and obligation to account for trust property) of Bar Rule 4-102 (d), and a six-month suspension for his admitted violations of Standards 22 (obligation that lawyer not withdraw from employment before taking reasonable steps to avoid foreseeable prejudice to his client); 45 (a lawyer shall not, among other things, knowingly use perjured testimony, make a false statement of law or fact, or engage in other illegal conduct or conduct contrary to a disciplinary rule); 63 (a lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and promptly render appropriate accounts to his client regarding them); and 65 of Bar Rule 4-102 (d), see *In re Threlkeld*, 262 Ga. 282 (417 SE2d 319) (1992). Based on these facts, we agree with the special master and the State Bar that disbarment is the appropriate sanction for Threlkeld's violation of Standard 66 of Bar Rule 4-102 (d).[1]

Accordingly, Threlkeld hereby is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JANUARY 8, 2001.

*William P. Smith III, General Counsel State Bar, E. Duane*

---

[1] We note that under the new Georgia Rules of Professional Conduct, which became effective on January 1, 2001, disbarment is the maximum penalty for a lawyer who is "convicted of a misdemeanor involving moral turpitude where the underlying conduct relates to the lawyer's fitness to practice law." Rule 8.4 (a) (3).

*Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.