S01Y0450. IN THE MATTER OF DENNIS S. CHILDERS.
(540 SE2d 606)

PER CURIAM.

This disciplinary matter is before the Court on Respondent Dennis S. Childers' Petition for Voluntary Discipline, filed pursuant to Bar Rule 4-227 (b) prior to the issuance of Formal Complaints, in which Childers seeks to dispose of two matters pending against him. With respect to both grievances, Childers admits he violated Standards 44 (lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or disregard a legal matter entrusted to him) and 68 (failure to respond to disciplinary board authorities) of Bar Rule 4-102 (d). Standard 44 may be punished by disbarment and Standard 68 by public reprimand. Childers proposes that he receive a six-month suspension and, since he has been under an interim suspension since December 1, 1999, requests that the Court backdate his suspension from that time. The State Bar has no objection to Childers' petition.

In April 1998, Childers agreed to represent a client and her daughter in a lawsuit against General Motors Acceptance Corporation ("GMAC") and filed the action on December 28, 1998. Childers failed to respond to GMAC's discovery requests despite repeated requests to do so and on April 6, 1999, GMAC filed a motion to dismiss for failure to respond. The clients were unaware of the motion and did not respond to it. GMAC sent a copy of the motion to Childers' clients, who obtained additional time to retain new counsel and respond to the motion, but the trial court subsequently granted the motion to dismiss.

In the other proceeding, a client retained Childers in a personal injury matter arising from an automobile accident. Childers filed the action and secured a settlement from the driver on the client's behalf.

Childers also agreed to pursue a claim against Ford Motor Company ("Ford"), which filed a motion for summary judgment. Childers received a copy of the motion but failed to respond. The court set a hearing on the motion and Childers told the client he would obtain a continuance. Childers thought the clerk had re-set the hearing so neither he nor his client appeared and the court granted Ford's motion. Childers failed to return his client's numerous phone calls and written requests for her case file.

In his petition, Childers asserts in mitigation that he has no prior disciplinary record; has been cooperative with disciplinary authorities; and is deeply remorseful for the harm he caused. He also states that at the time he was experiencing serious personal and emotional problems and was hospitalized for severe clinical depression aggravated by the use of prescribed pain medication and alcohol. In light of the mitigating circumstances and the lack of any aggravating factors, we accept Childers' petition for voluntary discipline. Accordingly, it hereby is ordered that Childers be suspended from the practice of law for a period of six months. As he already has been under an interim suspension since December 1, 1999, the Court orders that the six-month suspension be backdated from that point in time.

*Six-month suspension backdated to December 1, 1999. All the Justices concur.*

DECIDED JANUARY 8, 2001.

*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar,* for State Bar of Georgia.