## S02Y0314. IN THE MATTER OF MARTIN S. JACKEL.
(569 SE2d 835)

PER CURIAM.

This disciplinary matter is before the Court on the Report of the Special Master recommending that Respondent Martin S. Jackel be disbarred for having violated Rule 8.4 (a) (3) (it shall be a violation of the rules of professional conduct for a lawyer to be convicted of a misdemeanor involving moral turpitude where the underlying conduct relates to the lawyer's fitness to practice law) of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. Jackel filed exceptions to the special master's report and the State Bar filed a response to Jackel's exceptions. Pursuant to Bar Rule 4-106 (e), upon the special master's filing of a recommendation with this Court, this Court is empowered to order such discipline as deemed appropriate.

Jackel pled guilty in 2001 to one count each of sexual battery, OCGA § 16-6-22.1, and solicitation of sodomy, OCGA § 16-6-15. Subsequent to conducting an evidentiary hearing, the special master concluded that the acts to which Jackel pled guilty arose out of an attorney-client relationship where an individual was seeking legal representation in her anticipation of being arrested on certain felony drug charges and said acts were quid pro quo for a reduction in attorney fees. The acts occurred on two separate occasions in Jackel's office with the client having been sent to the office on the second occasion as part of an undercover operation with the police.

Although it was undisputed that Jackel was convicted of a misdemeanor involving moral turpitude, the parties did dispute whether the underlying conduct related to Jackel's fitness to practice law. We agree with the special master and the State Bar that Jackel's conduct was related to his fitness to practice law. See *In the Matter of Holloway*, 266 Ga. 599 (469 SE2d 167) (1996); *In the Matter of Yarbrough*, 264 Ga. 720 (450 SE2d 414) (1994); and *In the Matter of Brooks*, 264 Ga. 583 (449 SE2d 87) (1994). Although we note in mitigation of discipline that Jackel has been an active member of the State Bar since 1968; has been involved in civic, social, community, State Bar, and family activities throughout his career; has served as an elected County Commissioner; was instrumental in establishing a S.A.F.E. shelter program for battered women; and is extremely active in his community, in pro bono activities, and in mentoring numerous other attorneys, we agree with the special master that there is a special trust created between an attorney and a person fearing criminal prosecution and that, while convictions for misdemeanor sexual offenses do not in and of themselves demand disbarment, the situation in this case does because the charges arose out of the attorney-client relationship, as quid pro quo for reduction of a fee in a criminal matter, and Jackel thereby committed illegal acts as an attorney in a

predatory nature against a client.

Accordingly, Jackel hereby is disbarred for his violation of Rule 8.4 (a) (3) of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002 —
RECONSIDERATION DENIED OCTOBER 11, 2002.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Abda L. Quillian*, for Jackel.