S06Y0604. IN THE MATTER OF ANN PORGES-DODSON.
(627 SE2d 545)

PER CURIAM.

This disciplinary matter is before the Court on the Special Master's Report recommending that Respondent Ann Porges-Dodson be suspended from the practice of law in Georgia for four years due to her violation of Rule 8.4 (a) (3) of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. Rule 8.4 (a) (3) provides that a lawyer violates the Rules of Professional Conduct when the lawyer is "convicted of a misdemeanor involving moral turpitude where the underlying conduct relates to the lawyer's fitness to practice law," and the maximum penalty for its violation is disbarment. After the State Bar filed a Petition for Hearing on this disciplinary matter pursuant to Bar Rule 4-106 and a hearing was conducted in October 2005, the parties stipulated to the special master's findings of fact, conclusions of law, and recommendation of discipline. Pursuant to Bar Rule 4-106 (e), the special master filed the recommendation with this Court which is empowered to order such discipline as deemed appropriate. Having reviewed the record in this matter, this Court finds that the special master's recommendation of a four-year suspension is too lenient in light of Porges-Dodson's conduct in this and previous disciplinary matters and concludes that disbarment is the appropriate sanction to be imposed in this case.

The special master found that on February 28, 2005, Porges-Dodson pled guilty in the United States District Court for the Middle District of Georgia to a misdemeanor count of unlawful conversion of government property, a Social Security check in the amount of $425. In entering her guilty plea, Porges-Dodson admitted she was named

as a representative payee for an individual who was receiving disability benefits and supplemental security income benefits from the Social Security Administration (SSA); she failed to notify SSA of the individual's incarceration following the individual's felony conviction, and she continued to receive and deposit the SSA checks. By pleading guilty to the one count, Porges-Dodson admitted she had received a check for $425 in January 2000 and unlawfully converted the money when she deposited the check into her general bank account. Based on her guilty plea, Porges-Dodson was placed on probation for three years and was ordered to make restitution in the amount of $7,897.[1]

In rejecting the special master's recommendation and determining the level of discipline to impose, we find no mitigating factors but find in aggravation of discipline Porges-Dodson's prior disciplinary offenses, which include a one-year suspension of her license to practice law for mishandling her escrow account (*In the Matter of Porges-Dodson*, 274 Ga. 764 (558 SE2d 721) (2002)), a Review Panel reprimand, three Investigative Panel reprimands, and a letter of formal admonition for the mishandling of client funds. Porges-Dodson's repeated violations of ethical standards lead this Court to conclude the imposition of only a four-year suspension on Porges-Dodson's practice of law would be detrimental to the public and to the legal profession. Accordingly, Porges-Dodson hereby is disbarred from the practice of law in Georgia. She is reminded of her duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED FEBRUARY 13, 2006 —
RECONSIDERATION DENIED APRIL 13, 2006.

*William P. Smith III, General Counsel State Bar, Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Herbert L. Wells*, for Porges-Dodson.

---

[1] Although the special master based his recommendation on Porges-Dodson's conversion of one of the checks, it is clear from the record that Porges-Dodson misappropriated a number of SSA checks sent to her for the benefit of the incarcerated individual over a period of approximately 18 months.