S10Y0690. IN THE MATTER OF FREDERICK ANDREW GARDNER.
(690 SE2d 611)

PER CURIAM.

This disciplinary matter is before the Court on Respondent Frederick Andrew Gardner's Alternative Petition for Voluntary Discipline or Voluntary Surrender of License in which he asks the Court either to suspend him for some period of time or to accept the voluntary surrender of his license to practice law. In his petition Gardner admits that he pled guilty to a misdemeanor violation of OCGA § 16-10-24 (obstruction of a police officer) and was sentenced to 12 months of probation. He also admits that the conviction is a violation of Rule 8.4 (a) (3) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The factual basis for the plea was that Gardner gave false information to a Georgia Bureau of Inves-

tigation agent during an interview regarding a real estate closing. Gardner falsely told the agent that he had instructed his employees to notify the lender about the back-to-back closings of the property and misled the agent as to why money had not been disbursed after the first closing. In seeking a suspension rather than the surrender of his license, Gardner states that he has no prior discipline and expresses sincere remorse for his conduct.

The State Bar filed a response in which it notes that Gardner is not in good standing with the State Bar because he has not paid his dues. In mitigation the State Bar observes that Gardner has no prior discipline, was not deeply involved in the underlying mortgage fraud scheme that was the subject of the GBI's investigation, and cooperated in this matter by reporting his conviction to the State Bar rather than requiring the Bar to file a petition under Bar Rule 4-106 (a). Nevertheless, because he gave false information about the scheme and obstructed the investigation, the State Bar concludes that the interests of the public and the State Bar would be best served by ordering that Gardner be disbarred.

While disbarment is the maximum punishment for a violation of Rule 8.4 (a) (3), either suspension or disbarment is an appropriate sanction, depending on the circumstances. Compare *In the Matter of Williams*, 284 Ga. 96 (663 SE2d 181) (2008) (six-month suspension with conditions for receipt by a public officer of money not due him through the use of his office), *In the Matter of Walker*, 282 Ga. 53 (644 SE2d 860) (2007) (120-day suspension for filing fraudulent tax return), and *In the Matter of Welsh*, 279 Ga. 298 (612 SE2d 304) (2005) (12-month suspension for three counts of criminal trespass), with *In the Matter of Porges-Dodson*, 280 Ga. 433 (627 SE2d 545) (2006) (disbarred for unlawful conversion of government property), *In the Matter of Jackel*, 275 Ga. 568 (569 SE2d 835) (2002) (disbarred for misdemeanor sexual battery and solicitation of sodomy), and *In the Matter of Threlkeld*, 273 Ga. 331 (539 SE2d 823) (2001) (disbarred for public indecency). In determining the appropriate level of discipline in this case, we have reviewed the facts underlying Gardner's conviction and the factors in mitigation of discipline. We recognize in particular that mortgage fraud is and has been a very serious problem in Georgia and that real estate closing attorneys are relied on by their lender clients and by the public to act ethically and lawfully to identify and prevent such fraud, rather than facilitating and concealing it as Gardner admits doing.

We conclude that acceptance of Gardner's voluntary surrender of his license, which is tantamount to disbarment, is the correct sanction to impose in this matter. Accordingly, the name of Frederick Andrew Gardner hereby is removed from the rolls of attorneys authorized to practice law in the State of Georgia. Gardner is

reminded of his duties under Bar Rule 4-219 (c).
*Voluntary surrender of license accepted. All the Justices concur.*

DECIDED MARCH 1, 2010.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.