S11Y0598. IN THE MATTER OF ROBBIE M. LEVIN.

(709 SE2d 808)

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the special master recommending that Respondent, Robbie

M. Levin (State Bar No. 448280), be suspended for six months based on his guilty pleas to misdemeanor distributing obscene material (OCGA § 16-12-80) and criminal attempt to commit interference with custody (OCGA § 16-5-45), which the special master found violated Rule 8.4 (a) (3) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The State Bar and Levin have filed exceptions to the special master's report.

The facts show that Levin began practicing law in 1996 and developed the habit of visiting sexually oriented "chat rooms" and exposing himself to others via a webcam. In 2007 then 36-year-old Levin made contact with a 16-year-old girl whose mother was a friend of his. He obtained the mother's permission to contact the girl and did so through Facebook. He communicated with her four or five times after which, unbeknownst to Levin, he was communicating with an officer pretending to be the girl. At some point Levin revealed an image of himself via webcam in which he was touching his penis, and then he arranged to see a movie with someone he believed to be the girl. When Levin arrived at the meeting place, he was arrested. Levin's arrest received media attention and he retreated to his parents' house and did not practice law for six months (between October 2007 and April 2008). Levin voluntarily sought treatment through the Behavioral Medicine Institute. His licensed professional counselor, Osborn, testified at the hearing before the special master that Levin had a history of dysthymia (low level chronic depression), which was aggravated by his arrest. Testing indicated that Levin's sexual behavior was out of control but that he does not meet the criteria for pedophilia or any other paraphilia (other deviant sexual behaviors in the DSM-IV). Osborn testified that Levin was open and honest, and did not try to minimize or exaggerate his conduct. She recommended that Levin participate in specialized sex offender treatment. Levin participated in the treatment, which consists of 54 weeks of 90-minute group therapy sessions (which Levin completed) and a maintenance phase of 90-minute group therapy sessions once a month, which is ongoing. Osborn stated that Levin has made positive improvement and is rehabilitated. Levin performed almost 300 hours of community service while living with his parents prior to entering his pleas in 2010. He was sentenced to 40 days in jail, of which he served 20; 12 months on probation for each count; 100 hours of community service for each count; and a $1,000 fine for each count. Levin has paid the fines and pays his assessed probation fees. As terms of probation Levin is prohibited from using "chat rooms" and social networking sites, having contact with the victim's family or going to the Clayton County courthouse, and he must continue counseling. Levin made a verbal apology to the victim's family in open court and also prepared

a written apology. Levin was married in 2007 and now is working as a lawyer again. Several witnesses testified on his behalf and commented that they have noticed a positive change in him; that he is more humble and appreciative; and that he has performed legal services for them in a good and professional manner. Attorneys who have worked with Levin commented positively on his legal skills and consider him an asset to the legal community.

The special master determined that Levin's conduct in asking a friend if he could contact her daughter and then attempting to expose himself via webcam, as well as attempting to meet the daughter and suggesting that she fabricate a story about her whereabouts, constituted misdemeanors involving moral turpitude which relate to Levin's fitness to practice law as they involved dishonesty and possibly a breach of trust, see Comment 3 to Rule 8.4. In mitigation of discipline the special master found no prior disciplinary history, no personal or emotional problems, full and free disclosure and a cooperative attitude towards the disciplinary proceedings, good character and a positive reputation, a delay in the disciplinary proceedings (based on no fault of either party, Levin was not convicted until more than two years after the commission of the crimes and the State Bar could not bring proceedings until he was convicted), the imposition of other penalties or sanctions, remorse, and the voluntary suspension of the practice of law for six months, see *In the Matter of Onipede*, 288 Ga. 156 (702 SE2d 136) (2010) (accepting voluntary surrender of license nunc pro tunc to date Onipede voluntarily stopped practicing law). In aggravation, the special master found vulnerability of the victim, substantial experience in the practice of law, and illegal conduct. The special master concluded that the mitigating factors outweighed the aggravating factors and determined that the State Bar's recommendation of one to two years suspension was excessive. The special master recommends a suspension of six months with reinstatement conditioned upon confirmation from Osborn, or another qualified professional, that Levin has remained in the maintenance phase of his therapy and that he still is considered to be rehabilitated.

In its exception, the State Bar notes that the appropriate sanction in a disciplinary case serves as "a penalty to the offender, a deterrent to others, and as an indication to laymen that the courts will maintain the ethics of the profession," *In the Matter of Dowdy*, 247 Ga. 488, 493 (277 SE2d 36) (1981), and that a suspension of 12 to 24 months meets these goals and is consistent with discipline imposed in other cases involving sexual misconduct. As precedent, the State Bar cites *In the Matter of Jackel*, 275 Ga. 568 (569 SE2d 835) (2002) (disbarred after pleading guilty to one count of misdemeanor sexual battery and one count of misdemeanor solicitation of

sodomy when he agreed to reduce his fee in exchange for sex); *In the Matter of Stewart*, 275 Ga. 199 (563 SE2d 859) (2002) (18-month suspension after pleading guilty to misdemeanor solicitation of sodomy relating to agreement to represent client in exchange for sexual favors although he never engaged in sexual activity with or represented the client); *In the Matter of Threlkeld*, 273 Ga. 331 (539 SE2d 823) (2001) (disbarred after pleading guilty to one misdemeanor count of public indecency for touching a juvenile client's penis while visiting client in youth detention center); *In the Matter of Holloway*, 266 Ga. 599 (469 SE2d 167) (1996) (three-year suspension after pleading guilty to one felony count of unlawful invasion of privacy for recording secretary while she was using the bathroom); *In the Matter of Yarbrough*, 264 Ga. 720 (450 SE2d 414) (1994) (eighteen-month suspension after pleading guilty to one count of misdemeanor sexual battery involving potential client); and *In the Matter of Brooks*, 264 Ga. 583 (449 SE2d 87) (1994) (three-year suspension after pleading guilty to six misdemeanor counts of sexual battery and four misdemeanor counts of simple battery while a judge). Although Levin did not commit the acts in the context of his law practice, the State Bar believes his conduct demonstrates an indifference to his legal obligations and implicates his honesty and trustworthiness, given his attempt to entice a minor to lie to her parents about her whereabouts. The State Bar also contends that the special master erred in considering delay as a mitigating factor because the delay was not in the disciplinary proceedings, but in the trial court. See *In the Matter of Suttle*, 288 Ga. 14 (701 SE2d 154) (2010) (delay not attributable to State Bar not appropriate factor in mitigation).

In his exception, Levin first argues that the special master erred in not granting his motion to dismiss because the offenses for which he was convicted are not misdemeanors involving moral turpitude that affect the fitness to practice law, see *In the Matter of Williams*, 266 Ga. 132 (464 SE2d 816) (1996) (Hunstein, J., dissenting) (public indecency conviction bore little if any relationship to fitness to practice law so no penalty imposed). He claims that the Comments to Rule 8.4 (a) support the position that the conduct must have a specific connection to the fitness to practice law to violate the rule. Levin asserts that his conduct did not involve violence, dishonesty, breach of trust, or interference with the administration of justice, so that it does not fall within the classification of moral turpitude, see Comment 3 to Rule 8.4. While the State Bar argues that dishonesty is inherent in his attempt to convince the minor to meet him and fabricate a story about where she would be, Levin argues that such conduct does not come close to the level of dishonesty actionable by the State Bar, nor is it related to the legal profession. Moreover, for

there to be a breach of trust, there must be a relationship where trust is a factor, such as attorney/client or doctor/patient, and in this case Levin's conduct falls within the context of personal morality having no connection to the fitness to practice law. While Levin argued that six months suspension is the appropriate level of discipline if the case is not dismissed, he nonetheless excepts to the special master's failure to credit his six-month voluntary cessation of his legal practice in the special master's recommendation. He asks the Court to find that he satisfied the disciplinary requirements retroactively, as it did in *Onipede*, supra. Levin also contends that the State Bar's recommended level of discipline is not supported by the case law because every case it cited involved misconduct related to the lawyer's practice, unlike this case which, Levin claims, is more like *Williams*, supra. Levin asks the Court to find error in the special master's refusal to grant the motion to dismiss, or alternatively, to impose a suspension of six months that has been satisfied by Levin's voluntary separation from the practice of law from October 2007 through April 2008.

The State Bar filed a response to Levin's exceptions to the special master's report. In it, the State Bar argues that the Comments to the Georgia Rules of Professional Conduct are illustrative, not definitional, and thus the special master was free to make a common sense determination regarding what conduct reflects adversely on a lawyer's fitness to practice law. It also asserts that Levin's conduct went beyond matters of personal morality when he manipulated a minor, a person without the maturity to make wise informed decisions, to lie to her parents about her whereabouts, and to meet him at a restaurant. Moreover, the State Bar contends, when Levin sent a live feed video over the internet of himself masturbating he took what might have been a private act and made it public as he sent obscene material into cyberspace with no regard for where the material might end up, thus demonstrating a startling lack of judgment and self-control as well as an indifference to legal obligations. Finally, the State Bar asks the Court not to make Levin's punishment retroactive because, although Levin stopped practicing law for six months, he did not remove himself from practice in anticipation of future suspension; rather, he testified that he was not mentally capable of representing clients following his arrest, and that most clients had heard about the arrest and no longer wanted his assistance. The State Bar reiterates its position that Levin should be suspended for 12 to 24 months, with conditions for reinstatement.

We have carefully reviewed the record and the arguments of the parties, and we conclude that a 24-month suspension with conditions for reinstatement is the proper sanction in this matter. We find that the special master should not have considered the faultless delay in

the disciplinary proceedings, or Levin's cessation of practice for six months, as mitigating factors for the reasons set forth in the State Bar's exception and response. We also find that the special master should not have relied upon the imposition of a criminal penalty as a mitigating factor. See *In the Matter of Ortman*, 289 Ga. 130 (709 SE2d 784) (2011) (Nahmias, J., concurring). Accordingly, we find that the aggravating factors outweigh the mitigating factors in this case and, as Levin committed acts of moral turpitude involving his fitness to practice law, a longer suspension is appropriate. We decline to impose the suspension nunc pro tunc. Therefore, we hereby order that Robbie M. Levin be suspended from the practice of law in the State of Georgia for a period of 24 months from the date of this opinion, with reinstatement conditioned upon confirmation from Osborn, or another qualified licensed professional counselor, that Levin has remained in the maintenance phase of his therapy and that he still is considered to be rehabilitated. Levin is reminded of his duties under Bar Rule 4-219 (c).

*Twenty-four-month suspension with conditions for reinstatement. All the Justices concur, except Hunstein, C. J., Carley, P. J., Benham and Thompson, JJ., who concur in the judgment only.*

DECIDED APRIL 26, 2011.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia. *Colette R. Steel*, for Levin.