S11Y0830. IN THE MATTER OF BRETT JONES THOMPSON.
(711 SE2d 724)

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the special master, Stephen A. Williams, recommending that Brett Jones Thompson (State Bar No. 126438) receive a public

reprimand for her violation of Bar Rule 8.4 (a) (3), of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d), which arose out of an employment dispute with a former employee that led to her pleading guilty in 2010 under the First Offender Act, OCGA § 42-8-60 et seq., to two misdemeanor violations of OCGA § 16-10-94 (tampering with evidence) and OCGA § 16-10-24 (a) (obstruction of law enforcement officer). The probation sentences on the convictions have been suspended.

Following Thompson's entry of the guilty pleas the State Bar sought her disbarment. She filed a petition for voluntary discipline in which she detailed the unusual procedural history behind her convictions, admitted she violated Rule 8.4 (a) (3) by the entry of the two pleas, and sought imposition of a public reprimand, but also stated she would accept a suspension of up to 12 months. The special master prepared thorough findings of fact, which are supported by the record, and which show that the convictions stemmed from events that began in 2006 when a title examiner employed by Thompson informed Thompson she was going to leave her employment and go to work for another real estate attorney in the same town. A dispute arose over a non-compete agreement Thompson sought to enforce. The title examiner denied such an agreement existed and enlisted the help of the district attorney's office and law enforcement officers. Thompson did not voluntarily provide the non-compete agreement to investigators with the district attorney's office. When informed that law enforcement officers had a search warrant, she informed them she had given it to her attorney. After Thompson's attorney confirmed he had the original document, investigators obtained a subpoena directed to the attorney. The attorney filed a motion to quash and explained that he had returned the original document to Thompson's office. Investigators then searched Thompson's office and did not find the document.

The State obtained an order requiring the production of the document and holding Thompson in civil contempt and also brought the criminal charges. The title examiner also initiated a civil suit against Thompson. The criminal and civil matters were resolved by entry of the guilty pleas and settlement of the civil suit. Thompson entered her guilty pleas after defense counsel, based upon legal research, including review of *Harris v. State*, 173 Ga. App. 787, 788 (328 SE2d 370) (1985) (misdemeanor conviction for obstruction of an officer does not involve moral turpitude), and discussing the matter informally with the State Bar, advised her that her plea to the two misdemeanors would not subject her to any action by the State Bar under Rule 8.4 (a) (3) because they did not involve a client and did not involve matters of moral turpitude. A condition of probation was that Thompson pay substantial restitution to the title examiner,

which she paid after she obtained an advance of $55,000 on a line of credit.

We accept Thompson's admission that the entry of the guilty pleas constitutes a violation of Rule 8.4 (a) (3). However, we also consider in mitigation that Thompson has no prior disciplinary record, during the relevant time period Thompson experienced personal and emotional problems of a non-recurring nature including marital difficulties that ended in divorce, Thompson maintains primary physical custody of her two minor children and carries the primary responsibility for their financial needs, and Thompson made a good faith effort to rectify the consequences of this conduct by negotiation in the civil dispute, paying the agreed-to restitution, and complying with the court's civil contempt order. Furthermore, Thompson has displayed a cooperative attitude toward the disciplinary proceeding, has exhibited good character and reputation in her community, and is sincerely and deeply remorseful for her conduct.

The special master concluded that based upon all the mitigating circumstances, a public reprimand was the appropriate sanction. Although the State Bar has pointed to cases in which greater sanctions have been imposed in cases involving Rule 8.4 (a) (3) violations, we find those cases involved more serious conduct affecting the practice of law or aggravating factors not present here. Compare *In the Matter of Gardner*, 286 Ga. 623 (690 SE2d 611) (2010) (accepting petition for voluntary surrender of license where misdemeanor conviction based on providing false information to law enforcement agent investigating mortgage fraud and conduct was aggravated by failure to pay Bar dues); *In the Matter of Williams*, 284 Ga. 96 (663 SE2d 181) (2008) (accepting petition for voluntary discipline and imposing six-month suspension with conditions where misdemeanor conviction was based on assistant district attorney obtaining county funds that he was not entitled to). Instead, we find that this case is more similar to *In the Matter of Walker*, 282 Ga. 53 (644 SE2d 860) (2007), in which the Court accepted Walker's petition for voluntary discipline and imposed a 120-day suspension and a public reprimand where Walker's misdemeanor conviction was based on filing a fraudulent tax return.

Accordingly, having reviewed the record and considered the seriousness of Thompson's misdemeanor convictions and the mitigating factors, we believe that a three-month suspension is the appropriate sanction. Accordingly, the Court hereby orders that Thompson be suspended from the practice of law in the State of Georgia for a period of three months, effective as of the date of this opinion. Thompson is reminded of her duties pursuant to Bar Rule 4-219 (c).

*Three-month suspension. All the Justices concur.*

DECIDED JUNE 27, 2011.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia. *Warren R. Hinds,* for Thompson.