## S12Y1959. IN THE MATTER OF WARNER RUSSELL HODGES.
### (733 SE2d 775)

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the Review Panel, which recommends that Warner Russell Hodges (State Bar No. 110209) be suspended for 60 days as reciprocal discipline for his suspension in Tennessee. The State Bar filed a notice of reciprocal discipline and attached a certified copy of the Order of Enforcement issued by the Supreme Court of Tennessee. Rule 9.4 (b), as amended, of the Georgia Rules of Professional Conduct, Bar Rule 4-102 (d). The record shows that Hodges was found to have violated Tennessee Rules of Professional Conduct 3.3, 4.1, 5.5, and 8.4 by undertaking to represent a client in a Tennessee divorce proceeding while his Tennessee law license was inactive. Hodges thereby held himself out as authorized to practice law in Tennessee when, in fact, he was not. The Tennessee Supreme Court imposed a 60-day suspension.

Hodges filed exceptions with the Review Panel, in which he detailed the circumstances surrounding his violations of the Tennessee Rules, and in which he contended that lesser discipline than that imposed by Tennessee was appropriate, citing Rule 9.4 (b) (3) (iv) and (vi). Hodges also requested in the alternative that any suspension in Georgia be imposed retroactive to the date of his suspension in Tennessee, June 23, 2011. The Review Panel concluded that Hodges had failed to show under Rule 9.4 (b) (3) that lesser discipline than that imposed by Tennessee was appropriate, and so it recommended a 60-day suspension as reciprocal discipline. The Review Panel did, however, recommend that the 60-day suspension be retroactive to June 23, 2011. Neither party has filed exceptions in this Court.

Having reviewed the record, we agree that a suspension for 60 days is the appropriate sanction in this matter. We disagree, however, with the recommendation of the Review Panel that the suspension be retroactive to June 23, 2011. As we have explained before,

> when an attorney requests entry of a suspension or voluntary surrender order nunc pro tunc, it is the lawyer's responsibility to demonstrate that they voluntarily stopped practicing law, the date on which their law practice ended, and that they complied with all the ethical obligations implicated in such a decision, such as assisting clients in securing new counsel and facilitating the transfer of client files and critical information about ongoing cases to new counsel.

*In the Matter of Onipede*, 288 Ga. 156, 157 (702 SE2d 136) (2010). See also *In the Matter of Sossomon*, 290 Ga. 677, 677-678 (725 SE2d 243) (2012) (declining to make reciprocal discipline retroactive to period of suspension in another state where lawyer's "decision to voluntarily cease practicing law in Georgia had not been documented"); *In the Matter of Levin*, 289 Ga. 170, 174 (709 SE2d 808) (2011) (declining to make suspension retroactive where, "although Levin stopped practicing law for six months, he did not remove himself from practice in anticipation of future suspension"). Cf. *In the Matter of Hutt*, 291 Ga. 171, 172 (728 SE2d 552) (2012) (making suspension retroactive to date of Florida suspension where "the record indicates that Hutt did not practice law in Georgia during the period of his Florida suspension and instead promptly sought the imposition of reciprocal discipline"). Here, the record does not show that Hodges voluntarily discontinued his practice of law in Georgia during the time he was suspended in Tennessee. Consequently, making his suspension in Georgia retroactive to the date of his suspension in Tennessee effectively would amount to no reciprocal discipline at all. For these reasons, we decline to make the 60-day suspension in Georgia retroactive.

Accordingly, Warner Russell Hodges is hereby suspended from the practice of law in Georgia for a period of 60 days, effective as of the date of this opinion. Hodges is reminded of his duties under Bar Rule 4-219 (c).

*Sixty-day suspension. All the Justices concur.* ·

DECIDED OCTOBER 29, 2012.

*Paula J. Frederick, General Counsel State Bar, Carmen R. Rafter, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Harry H. Harkins, Jr.*, for Hodges.