FINAL COPY
295 Ga. 452

S14Y0007. IN THE MATTER OF WILLIAM V. HALL, JR.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the special master, Myles E. Eastwood, recommending that William V. Hall, Jr. (State Bar No. 319500) be disbarred following the entry of a guilty plea to one misdemeanor count each of OCGA § 16-6-22.1 (b) (sexual battery) and OCGA § 16-6-8 (public indecency), which arose out of an incident involving a client; he was sentenced under the First Offender Act, OCGA § 42-8-60, to 24 months probation.

The State Bar initiated this proceeding under Bar Rule 4-106. Prior to the evidentiary hearing, the special master entered an order granting Hall's motion for a continuance, but also setting forth the agreement of Hall and the State Bar that Hall would not practice law until further order of the special master or the final resolution of the case.

Following the evidentiary hearing, the special master found that Hall, who was admitted to the Bar in 1964, was representing a client in a child support enforcement action in 2012. He had previously represented the client and other

members of her family for a number of years. In response to a call from Hall's secretary to come pick up the initial payment under a negotiated settlement agreement, the client arrived at Hall's office about 2:30 p.m. on May 16, 2012; Hall was the only one present. The client sat in Hall's office, opposite his desk. Hall handed the client the $5,000 check and a copy of the unsigned settlement agreement. The client asked Hall how much she owed him in fees, and he replied, "With or without a blow job?" The client attempted to ignore the remark and handed Hall a $1,500 check for his fees. Hall came around the desk and said, "Now it's time for the blow job." The client got up to leave, but Hall unzipped his pants and exposed his penis to her. The client said she had to leave, but Hall tried to kiss her, touched one of her breasts, and pinched the other. The client pushed Hall away and repeated that it was time for her to leave. Hall said, "You're not going to give me a blow job. You're no fun." However, he did unlock the door and allow the client to leave. The client reported the incident to police.

Hall attempted to call the client the following day, and the client returned the call and recorded it. Hall apologized to the client, explaining that he was "just kidding" and "horsing around," and that he had prostate cancer several

2

years ago and so "couldn't have done anything." He also acknowledged that his conduct was "in very bad taste."

At the evidentiary hearing, the client testified that she understood at the time that Hall was offering to reduce his fee in exchange for oral sex and that she had never done anything that would have given Hall the idea that she was interested in a sexual relationship with him. Hall did not dispute the client's understanding of his actions, but stated that he thought she knew he was joking since he was impotent as a result of prostate surgery in 2005. However, he also conceded that he had never told her about his surgery. Hall acknowledged that his conduct was reprehensible. Hall presented several witnesses who testified about his long service as a member of the Bar, including assistance given to other attorneys and to indigent clients. The special master also noted testimony about Hall's long history of coaching youth sports.

The special master found that by this conduct Hall violated Rule 8.4 (a) (3) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 8.4 (a) (3) is disbarment. We agree with the special master that aggravating factors include that Hall committed his illegal acts against a client and that he acted with a selfish motive

3

and that mitigating factors include the lack of a prior disciplinary record and Hall's prior distinguished reputation.

Considering the whole record, we conclude that the appropriate sanction in this matter is disbarment, see In the Matter of Jackel, 275 Ga. 568 (569 SE2d 835) (2002) (disbarring lawyer who pled guilty to sexual battery and sodomy against a client in exchange for reduced fees) and In the Matter of Threlkeld, 273 Ga. 331 (539 SE2d 823) (2001) (disbarring lawyer who pled guilty to public indecency for massaging the penis of his client, who was a 17-year-old being held in a juvenile detention facility). Accordingly, it is hereby ordered that the name of William V. Hall, Jr., be removed from the rolls of persons authorized to practice law in the State of Georgia. Hall is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided June 30, 2014.

Disbarment.

Wilson, Morton & Down, James E. Spence, Jr., for Hall.

Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar, for State Bar of Georgia.

4