In the Supreme Court of Georgia

Decided:    October 5, 2015

S15Y1540.  IN THE MATTER OF DENNIS S. CHILDERS.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the special master, Herman Maddox Kilgore, who recommends that Dennis S. Childers (State Bar No. 124408) be disbarred following the entry of his guilty plea in the State Court of Cherokee County to one count of theft by receiving stolen property, OCGA § 16-8-7.  Childers was sentenced under the First Offender Act, OCGA § 42-8-60, to 12 months probation.  The State Bar initiated this proceeding under Bar Rule 4-106.

In a conference call with the special master, the State Bar and Childers agreed to a hearing at 9:30 a.m. on May 12, 2015.  On the morning of May 11, Childers sent an email to the special master requesting a continuance.  The special master replied in an email shortly thereafter denying the request and reiterating that the hearing would commence at 9:30 the next morning.  Childers called the special master's office at 4:07 p.m. on May 11 asking for an update

on his continuance request. At the special master's request, a staff member called Childers at the number he provided and left a message that his request had been denied and that he was directed to appear the next morning. Childers did not appear, however, and after waiting over 20 minutes, the special master commenced the hearing, at which the State Bar alleged that Childers violated Rule 8.4 (a) (3) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). According to the Accusation to which Childers pled guilty, he received a vehicle tag that he knew was stolen and he received it without the intention of restoring it to its owner.

In determining whether Childers' conviction constituted a misdemeanor involving moral turpitude, the special master looked to Comment 3 to Rule 8.4 (a) (3), which provides in part that lawyers are "professionally answerable only for offenses that indicate a lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category." The special master found that Childers' criminal offense specifically involved an act of dishonesty and, although he did not commit it in the context of his law practice, his conduct nevertheless demonstrated an indifference to legal obligations and implicated

2

his trustworthiness, thus relating to his fitness to practice law, see In the Matter of Levin, 289 Ga. 170 (709 SE2d 808) (2011), as the only conceivable purpose for possessing and retaining a stolen vehicle tag is to mislead law enforcement and/or the tax commissioner. Finding that Childers violated Rule 8.4 (a) (3), the maximum sanction for which is disbarment, the special master considered the following factors in aggravation of discipline: Childers' prior disciplinary history, which includes a six-month suspension, see In the Matter of Childers, 273 Ga. 337 (540 SE2d 606) (2001), and 2013 Formal Letter of Admonition; the commission of a crime involving dishonesty; and a failure to comply with disciplinary proceedings, which includes Childers' failure to appear at the hearing in this matter, after which he did not contact the special master until Childers faxed a letter over a month later. The special master declined to consider Childers' letter as he waived his opportunity to present evidence of mitigation by his failure to appear at the hearing. Therefore, the only mitigating evidence the special master was able to glean from the record is that Childers presumably accepted some responsibility for his actions by entering the guilty plea. The special master found that Childers' conduct reflects selfish motives, lack of judgment and an indifference to the rule of law in Georgia, and

3

concluded that the appropriate sanction for his violation of Rule 8.4 (a) (3) is disbarment. Childers did not file an exception to the special master's report.

Considering the record as a whole, we agree with the special master and conclude that the appropriate sanction in this matter is disbarment, see In the Matter of Hall, 295 Ga. 452 (761 SE2d 51) (2014); In the Matter of Porges-Dodson, 280 Ga. 433 (627 SE2d 545) (2006); In the Matter of Jackel, 275 Ga. 568 (569 SE2d 835) (2002); and In the Matter of Threlkeld, 273 Ga. 331 (539 SE2d 823) (2001) (all disbarring lawyers for violating Rule 8.4 (a) (3)). Accordingly, it hereby is ordered that the name of Dennis S. Childers be removed from the rolls of persons authorized to practice law in the State of Georgia. Childers is reminded of his duties pursuant to Bar Rule 4–219 (c).

Disbarred. All the Justices concur.