300 Ga. 637
FINAL COPY

S16Y1679.  IN THE MATTER OF LAWRENCE EDWARD MADISON.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Review Panel of the State Bar, which adopted the findings of fact and conclusions of law of the Report and Recommendation of the Special Master, Claude M. Kicklighter, Jr., recommending that respondent Lawrence Edward Madison (State Bar No. 465530) be disbarred for his violation of Rule 8.4 (a) (2) of the Georgia Rules of Professional Conduct, as set forth in Bar Rule 4-102 (d).  The maximum sanction for a violation of Rule 8.4 (a) (2) is disbarment.  Madison's violation of Rule 8.4 (a) (2) is premised on his June 2012 conviction by a jury of felony child molestation and other offenses. On October 1, 2012, this Court accepted Madison's petition seeking voluntary suspension of his license pending the appeal of his convictions, see In the Matter of Madison, 291 Ga. 663 (732 SE2d 278) (2012).  As part of his petition, Madison, who was admitted to the Bar in 1993, acknowledged that his felony convictions constituted a violation of Rule 8.4 (a) (2) and agreed that "if one or

both of his convictions is affirmed or he abandons his appeal, he will voluntarily surrender his license to practice law." See id. In an opinion issued on November 20, 2014, our Court of Appeals affirmed in part and reversed in part the judgment in Madison's criminal case, affirming his conviction for felony child molestation and reversing his remaining convictions. See Madison v. State, 329 Ga. App. 856 (766 SE2d 206) (2014). The Court of Appeals issued the remittitur in Madison's case on February 9, 2015, and no evidence was submitted in this disciplinary proceeding that would demonstrate that Madison petitioned this Court or the United States Supreme Court for a writ of certiorari.

On May 11, 2015, in response to a motion filed by the Bar seeking to have Madison show cause why he should not be disbarred, this Court issued an order dismissing the Bar's motion, but noting that Madison had failed to file a petition to voluntarily surrender his license and suggesting that the Bar initiate proceedings against Madison under Bar Rule 4-106. See In the Matter of Madison, Case No. S15Y0970 (May 11, 2015). The Bar initiated proceedings against Madison under Rule 4-106, a special master was appointed to oversee the proceedings related to that petition, and, on September 21, 2015, a hearing was held on the petition, at which hearing Madison refused to enter the

2

courtroom, citing concerns about jurisdiction and venue, instead submitting a letter he had prepared that was then entered into evidence. Following the hearing, the special master issued his report, concluding that the February 9, 2015 issuance of the remittitur by the Court of Appeals concluded Madison's appeal of his conviction, see In the Matter of Frantz, 271 Ga. 529 (520 SE2d 686) (1999) ("the term 'termination of appeal' as stated in Bar Rule 4-106 (f) (1) includes only first level appeals through the United States Supreme Court and does not apply to habeas corpus and similar collateral procedures that are neither continuation of appeals nor second appeals"). In mitigation, the special master noted that, prior to his conviction in the underlying criminal case, Madison had not been the subject of any prior disciplinary proceeding, but found that the vulnerability of the minor victim in that criminal case was a decisive aggravating factor. In light of Madison's violation of Rule 8.4 (a) (2) and the aggravating and mitigating factors, the special master determined that disbarment was the appropriate sanction. In adopting the recommendation of the special master, the Review Panel concluded that, although the underlying misconduct of which Madison was convicted did not relate to the practice of law, his misconduct did demonstrate an indifference to his obligations as an

attorney and negatively reflected on his honesty and trustworthiness. In support of the suggested discipline, the Review Panel cited, as had the special master, to In the Matter of Jackel, 275 Ga. 568 (589 SE2d 835) (2002) and In the Matter of Threlkeld, 273 Ga. 331 (539 SE2d 823) (2001). The Bar further noted that Madison had, in connection with the 2012 disciplinary matter, agreed to surrender his license under conditions that now have been satisfied.

Madison has filed in this Court a response to the Review Panel Report and Recommendation, asserting that his appeal is still pending. Attached to Madison's response is documentation indicating that he has filed a motion challenging his sentence on the affirmed child molestation count, which sentence he maintains is illegal and void. Madison argues that, because a conviction consists of both the verdict and the sentence, his appellate rights have not been exhausted while his challenge to his sentence remains pending. Madison next reiterates his argument that neither venue nor personal jurisdiction was proper in the proceedings before the special master, such that he was deprived of a jurisdictionally adequate hearing. Finally, Madison argues that the reliance by the special master and Review Panel on Jackel and Threlkeld is misplaced, as those cases involved violations of both the law and the

4

attorney-client relationship, whereas his criminal matter in no way implicated his relationships with his clients.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Lawrence Edward Madison be removed from the rolls of persons authorized to practice law in the State of Georgia. Madison is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided February 27, 2017.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar, for State Bar of Georgia.

5