NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: November 5, 2024

S24Y1274. IN THE MATTER OF DAVID CARLETON HEAD.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master LaVonda Rochelle DeWitt, which was issued after a show cause hearing pursuant to Rule 4-106 of the Georgia Rules of Professional Conduct (the "Rules"). The Special Master recommends that David Carleton Head (State Bar No. 341467), a member of the State Bar of Georgia since 1990, be disbarred based upon his conviction for misdemeanor theft by conversion where his victim was his client. The Special Master's recommendation is based on her finding that Head violated Rule 8.4 (a) (3)[1] found in Bar Rule 4-102 (d). The maximum penalty for

---

[1] Rule 8.4 (a) (3) provides that it shall be a violation of the Rules for a lawyer to "be convicted of a misdemeanor involving moral turpitude where the underlying conduct relates to the lawyer's fitness to practice law."

violating Rule 8.4 (a) (3) is disbarment. Neither Head nor the State Bar filed exceptions to the Special Master's report and recommendation. Having now undertaken our own review of the record, we agree that disbarment is appropriate.

In her report, the Special Master laid out the underlying facts as follows. On May 25, 2022, Head was convicted of one count of theft by conversion in violation of OCGA § 16-8-4, a misdemeanor. Head's victim was his client who is elderly and in poor health. Head was sentenced to twelve months of probation. The accusation to which Head pleaded guilty states that he converted title to an ambulance owned by his client.

The Special Master noted that a lawyer violates Rule 8.4 (a) (3) when convicted of a misdemeanor involving moral turpitude where the underlying conduct relates to the lawyer's fitness to practice law. The Special Master further stated that moral turpitude is defined as including everything done contrary to justice, honesty, modesty, or good morals. See *Carruth v. Brown*, 202 Ga. App. 656, 658 (415 SE2d 470) (1992) (misdemeanor bad check conviction involved moral

turpitude); *In the Matter of Butler*, 255 Ga. 41, 41 (335 SE2d 296) (1985) ("Theft by conversion by an attorney acting in a fiduciary capacity is a felony . . . and involves moral turpitude."). The Special Master then found that Head violated Rule 8.4 (a) (3) by virtue of his criminal conviction.

The Special Master then looked to the American Bar Association's Standards for Imposing Lawyer Sanctions ("ABA Standards") for guidance in determining the appropriate sanction to impose in this case. See *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996). The ABA Standards state that the following should be considered when imposing a sanction after a finding of lawyer misconduct: the duty violated; the lawyer's mental state; and the potential or actual injury caused by the lawyer's misconduct. ABA Standard 3.0. The Special Master found that Head violated the duty to maintain professional honesty and integrity, see ABA Standard 5.11, and also violated his duties to this client, see ABA Standard 4.11. The Special Master found that Head acted intentionally and that he caused injury to his client and to the

public's perception of the legal profession and system. Further, the Special Master stated that the ABA Standards specify, absent aggravating and mitigating factors, that the generally appropriate penalty when a lawyer engages in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation which seriously adversely reflects on his fitness to practice is disbarment. ABA Standard 5.11 (b).

Next, the Special Master found that there are several aggravating circumstances present in this matter: (1) prior disciplinary offenses, since Head received two investigative panel reprimands and a letter of admonition, ABA Standard 9.22 (a); (2) dishonest or selfish motive, since Head sought to enrich himself at his client's expense, ABA Standard 9.22 (b); (3) vulnerability of the victim, ABA Standard 9.22 (h); (4) substantial experience in the practice of law, ABA Standard 9.22 (i); and (5) illegal conduct, ABA Standard 9.22 (k). The Special Master found that there are no mitigating circumstances present here. Accordingly, the Special Master recommended that Head be disbarred.

4

Considering the record as a whole, we agree with the Special Master that Head violated Rule 8.4 (a) (3). Head's underlying conduct relates to his fitness to practice law, as he converted his client's property. Further, the circumstances as cited by the Special Master – that Head, who has substantial experience practicing law, intentionally converted his vulnerable client's property to enrich himself – warrant the Special Master's determination that Head's crime in this instance was dishonest, a breach of trust, and contrary to his duty to his client, i.e., one involving moral turpitude. See *In re Jones*, 293 Ga. 264, 265-66 (744 SE2d 6) (2013) (concluding that misdemeanor convictions for smuggling contraband into jail involved crimes of moral turpitude in part because the acts necessarily involved an element of deceit and dishonesty and were in breach of the "public trust that inheres in the office of attorney"). This Court concludes that the appropriate sanction in this matter is disbarment. See *In the Matter of Childers*, 297 Ga. 788, 788-89 (778 SE2d 216) (2015) (disbarring attorney for violating Rule 8.4 (a) (3) following the entry of his guilty plea to one count of theft by receiving

stolen property, a misdemeanor); *In the Matter of Porges-Dodson*, 280 Ga. 433, 433-34 (627 SE2d 545) (2006) (disbarring attorney for violating Rule 8.4 (a) (3) where lawyer pleaded guilty to a misdemeanor count of unlawful conversion of government property, a Social Security check for $425; there were no mitigating factors but lawyer's disciplinary history was in aggravation). It is hereby ordered that the name of David Carleton Head be removed from the rolls of persons authorized to practice law in the State of Georgia. Head is reminded of his duties under Rule 4-219 (b).

*Disbarred. All the Justices concur.*