S01Y1488. IN THE MATTER OF SCOTT FITZ RANDOLPH.
(554 SE2d 485)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Special Master as approved and adopted by the State Disciplinary Board's Review Panel. The Special Master issued his Report and Recommendation after an evidentiary hearing, which was held following this Court's rejection of Respondent Scott Fitz Randolph's Petition for Voluntary Discipline, because the pro-

posed voluntary discipline of a 60 day suspension was inadequate in light of the admitted violations. *In the Matter of Scott Fitz Randolph*, No. S00Y1728 (11/30/2000). In the Report and Recommendation, the Special Master found that Randolph violated Standards 4 (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation) and 65 (D) (lawyer who receives money on behalf of a client or in any fiduciary capacity shall maintain a trust account and deposit those funds therein) of Bar Rule 4-102 (d). Even though both of these infractions may be punished by disbarment, the Special Master recommends that we impose a two year suspension as the appropriate discipline. We disagree, and conclude that disbarment is the appropriate sanction in this case.

The record shows that Randolph, who became a member of the State Bar of Georgia in 1990, was hired in July 1997 by two clients to represent them in a joint bankruptcy. The clients gave Randolph two checks — one in the amount of $175 for "filing fees" and the second in the amount of $100 as a partial retainer. In September 1997, the clients wrote another $175 check to Randolph for additional attorney fees. Although Randolph had established a trust account, he cashed the $175 "filing fees" check rather than depositing it into the trust account. On December 11, 1997, Randolph filed the clients' Chapter 7 bankruptcy petition, paid $60 toward the filing fee from his own money, and completed and signed an application to pay the remainder of the fee in installments. Randolph took this action despite the fact that the bankruptcy rules contemplate that an application be signed by the debtors. See Bankruptcy Rule 1006 (b). The bankruptcy petition, signed and filed by Randolph, falsely represented that he had been paid no attorney fees.

When Randolph did not make any of the remaining installment fee payments, the bankruptcy court notified Randolph's clients that their petition was in danger of being dismissed due to their failure to pay the filing fee. After contact from the clients, the bankruptcy trustee filed a motion against Randolph for review and disgorgement of attorney fees. Although Randolph was served with the motion, he failed to appear at the scheduled hearing, and the bankruptcy court entered an order requiring payment of the filing fees and disgorgement of the attorney fees within 12 days. The trial court set a sanctions hearing for September 1998. Although the filing fees were paid by the deadline, Randolph did not timely comply with the remainder of the order and did not appear at the sanctions hearing. As a result, the bankruptcy court suspended Randolph from practice before it for six months and referred the matter to the State Bar of Georgia for additional disciplinary proceedings. Thereafter, the bankruptcy court denied Randolph's motion for reconsideration, in which he sought to avoid the referral of this matter to the State Bar.

Based on these findings, we conclude that Randolph violated Standard 4 by including material misrepresentations in his clients' bankruptcy petition and the installment application. We also find that Randolph violated Standard 65 by his handling of the filing fees check, and that his conduct showed a disregard for the rules of the State Bar, the welfare of his clients and the authority of the Courts.

In aggravation of punishment, we note the following: (1) Randolph failed to timely pay his Bar dues in six out of seven years following his admission to the Bar; (2) Randolph failed to comply with mandatory continuing legal education ("MCLE") requirements in 1992, 1993, 1995, and 1996; (3) in 1994, Randolph submitted false interrogatory answers in a civil action in violation of Standard 4 for which he received a public reprimand; (4) in March 1995, Randolph was suspended for failing to comply with 1993 MCLE requirements, but nonetheless continued to practice law thereafter; (5) Randolph's behavior, which violated Standard 25 (lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction), led to two separate Bar disciplinary actions which are currently pending but which both Randolph and the State Bar stipulate have reached a sufficient stage of adjudication to allow them to be used in aggravation here;[1] (6) Randolph failed to timely pay his Bar dues for 1996-1997, and therefore was not in good standing with the Bar, but nevertheless appeared at a mediation on behalf of a client in October 1996; and (7) also in October 1996, Randolph's appearance at the mediation resulted in yet another public reprimand for his violation of Standard 25.[2]

In mitigation, we find that Randolph has presented evidence, including affidavits from two Superior Court judges, that he has "turned his life around." We note, however, that despite this contention from Randolph, he is unwilling to accept responsibility for his own actions or omissions in this case, instead blaming others for his own misconduct. For example, Randolph: (1) claims that he cashed the clients' check rather than depositing it into his trust account for fear that it would bounce and leave a negative balance in that account; (2) that once he cashed the check, he still did not deposit the cash into his trust account, but instead paper-clipped the cash to the clients' file where it was stolen by his landlord; (3) that he falsely

---

[1] In State Disciplinary Board Docket Nos. 3165 and 3166, Randolph is charged with violating Standard 25 of Bar Rule 4-102 by filing motions and appearing in court on behalf of clients in April and May 1995, at a time when he was suspended from the practice of law for failing to satisfy the 1993 MCLE requirements.

[2] Two additional disciplinary actions are currently pending charging Randolph with misconduct in two separate cases pending during 1996-1998. The resolution of those two disciplinary matters turn on the genuineness of certain documentary evidence which has not yet been determined and therefore those two matters are not considered in aggravation.

completed the installment application because he had forgotten to bring the file with the cash attached to the Bankruptcy Court for filing, and that the Bankruptcy Clerk instructed and allowed him to fill out and sign the installment application; (4) that he falsely swore to having received no attorney fees in the bankruptcy petition because of an error in his computer program which he negligently failed to correct even though he knew that the information was incorrect; (5) that he did not make the required installment payments because he did not get a copy or make a note of the payment schedule (which was clearly contained on the application); and (6) that he did not appear at the hearings held by the bankruptcy court because, although the mailed copy of the order (which he did not read) contained a scheduled hearing date, the faxed copy of the order (which he did read) did not contain that information and because he had been advised by a member of the Investigative Panel of the State Bar not to make court appearances due to another disciplinary problem about which he did not inform the bankruptcy court.

Even if credible, these excuses do not mitigate the wrongfulness of Randolph's actions. On the contrary, they indicate Randolph's refusal to acknowledge the egregiousness of his misconduct and thereby become an additional factor to be considered in aggravation of discipline.

Based on our review of the record, we find that the facts in this case support the imposition of a significant sanction for the violations shown herein and that disbarment is warranted. Accordingly, Scott Fitz Randolph hereby is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 5, 2001.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel State Bar,* for State Bar of Georgia. *Henderson & Lipscomb, David S. Lipscomb,* for Randolph.