S07Y0140. IN THE MATTER OF MURL E. GEARY.
(640 SE2d 253)

PER CURIAM.

This disciplinary matter is before the Court on the Petition for Voluntary Discipline of Respondent Murl E. Geary in which he admits to violations of Rules 1.4 and 5.3 (d) (2) of Rule 4-102 (d) of the Georgia Rules of Professional Conduct and seeks the imposition of a one-year suspension. The maximum penalty for a violation of Rule 1.4 is a public reprimand while the maximum penalty for a violation of Rule 5.3 (d) (2) is disbarment. Both the State Bar and the special master recommend that this Court accept Geary's petition.

In his petition, Geary admits that in one matter, he received a phone call in July 2003 from a disbarred lawyer with whom Geary was acquainted asking Geary if he was interested in representing an individual in a legal malpractice case. Geary agreed to accept the representation if the disbarred lawyer could get the client to sign a contract and pay a $5,000 fee, which the disbarred lawyer did. Geary subsequently filed a lawsuit on behalf of the client and directed the disbarred lawyer to deliver interrogatories to the client. Geary further admits that his only contact with the client was by telephone; that in or about August 2005, the Fee Arbitration Division of the State Bar of Georgia awarded the client a $5,000 refund of the fee; and that although he has withdrawn from representing the client, he has not paid the arbitration award.

Geary also admits that in a separate matter, he agreed to represent a client in February 2004 and filed a complaint for modification on the client's behalf; that the case was scheduled for a hearing in March 2004 and the client did not appear; that although

he believed that he notified the client, Geary's file does not contain a copy of any letter or other notice to the client; that he asked that the hearing be continued but his request was denied; that the trial court did hear the client's ex-wife's counterclaim in which she sought sole custody and increased child support; that the trial court granted his client's ex-wife sole custody and increased his client's child support payments; that he was mistaken about the amount of his client's income and erroneously believed that the increased amount came within the legislative guidelines; and that although the court agreed to rehear his client's case in May 2004, his client's ex-wife requested and was granted a stay of the case as she was serving abroad in the military and consequently, his client continued to be charged a higher amount of child support than that suggested by the guidelines.

The Court has reviewed the record and agrees with the State Bar and the special master that Geary's Petition for Voluntary Discipline should be accepted. In aggravation of discipline, the Court finds that Geary has three prior disciplinary offenses, having received an Investigative Panel reprimand in 1990; a Formal Letter of Admonition in May 1992; and a Formal Letter of Admonition in 2006, and that the instant proceeding involves multiple offenses. In mitigation of discipline, the Court notes that Geary has cooperated with disciplinary authorities; that Geary has expressed remorse for the inconvenience he has caused his clients; and that two of the prior disciplinary offenses are remote in time, having occurred over ten years ago. Accordingly, the Court hereby accepts Geary's Petition for Voluntary Discipline and imposes a one-year suspension from the practice of law in Georgia. The Court also holds that the one-year suspension will continue in effect until Geary pays the $5,000 fee award. Geary is reminded of his duties under Bar Rule 4-219 (c).

*One-year suspension. All the Justices concur, except Hunstein, P. J., and Thompson, J., who dissent.*

HUNSTEIN, Presiding Justice, dissenting.

Based on Geary's admitted conduct, as set forth by the majority, I disagree that suspension is an appropriate discipline. Because I would disbar Geary, I respectfully dissent.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED JANUARY 22, 2007.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel State Bar*, for State Bar of Georgia.