## S09Y0770. IN THE MATTER OF PIERCE WINNINGHAM III.
(674 SE2d 877)

PER CURIAM.

This matter is before the Court on the Report of the Special Master, Richard B. Chandler, recommending acceptance of the Petition for Voluntary Surrender of License filed by Respondent Pierce Winningham III after the issuance of a Formal Complaint and prior to the hearing set in the case. The State Bar has no opposition to the petition and asks the Court to enter an order accepting it.

In his petition Winningham admits that in one matter he undertook to represent a client in a personal injury case on a contingency fee basis, but without a written contingency fee agreement. He settled the case for $15,000, $1,400 of which was paid directly to the medical provider by the insurance company. He received a check for $13,600 and paid his client $8,050 after deducting a 33% fee and withholding an additional $2,000 for a medical bill he agreed to pay from the proceeds. Winningham did not provide his client with a settlement statement. He failed to pay the medical bill and instead converted the $2,000 for his own use. Although he later agreed to pay the bill, he did not do so and is financially unable to make restitution at this time. In another matter, Winningham admits that he represented a client in a divorce case and accepted $28,000 in disputed marital funds to be held in escrow. He did not have an escrow account, however, when he accepted the funds so he deposited them into his personal bank account, which at the time already was overdrawn. During the six months the money was in his account, there were only two days when the account held over $28,000. Winningham commingled client funds with his personal funds and spent funds belonging to a client for his personal use. When the court ordered disbursement of the funds he paid a portion of them, but was not able to pay the full amount. He subsequently entered into a payment plan with his client, but has been unable to repay the funds due to his personal financial difficulties. Winningham also admits that in 1971 he was disbarred by the Supreme Court of Tennessee for misappropriation of funds that came into his possession as a staff member of the District Attorney for Davidson County, Tennessee. He was reinstated to the Tennessee Bar in 1994 and thereafter became a member of the State Bar of Georgia. Based on this conduct Winningham admits that he violated Rules 1.7 (a), 1.15 (I), 1.15 (II), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). We note in mitigation of discipline that Winningham attempted to mitigate the harm by entering into payment plans with the clients, but was unable to make full restitution. He is extremely remorseful for the harm he caused and his prior disciplinary offense was over 35

years ago. He also has exhibited a cooperative attitude towards these proceedings. In aggravation, we note Winningham's history of prior discipline and that he has not made restitution to either client.

Having reviewed the record, we agree that surrender of Winningham's law license, which is tantamount to disbarment, is the appropriate sanction. Accordingly, we accept the petition and hereby order that the name of Pierce Winningham III be removed from the rolls of persons authorized to practice law in the State of Georgia. Furthermore, prior to submitting any petition for reinstatement, Winningham shall make full restitution to his clients of all moneys still owed to them based on his representation in their cases. Winningham is reminded of his duties under Bar Rule 4-219 (c).

*Voluntary surrender of license accepted with conditions on reinstatement. All the Justices concur.*

DECIDED MARCH 9, 2009.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel State Bar*, for State Bar of Georgia.