S10Y0572. IN THE MATTER OF STANLEY J. KAKOL, JR.

(689 SE2d 308)

PER CURIAM.

This matter is before the Court on Respondent Stanley J. Kakol, Jr.'s Petition for Voluntary Discipline, filed after the filing of a Formal Complaint, in which he admits violating Rules 1.15 (II) and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), and seeks the imposition of a Review Panel reprimand with conditions. The State Bar has no objection to the petition and the Special Master, H. Michael Bray, recommends that the Court accept the petition.

In his petition Kakol admits that he represented a client in a pending Chapter 13 bankruptcy proceeding that originally was filed by another attorney. The Chapter 13 plan was confirmed by the Bankruptcy Court but the client fell behind on her payments and the court granted relief from the automatic stay for the mortgage company to foreclose on the client's home. Kakol agreed to help the client avoid foreclosure and accepted $1,000 from the client on the condition that he would return it in full if he was not able to prevent the foreclosure. Kakol did not have an escrow account at that time (he generally accepted filing fees in cash and delivered the funds to the court), so he gave the $1,000 to a friend employed in another law office to hold; Kakol did not reclaim the funds for his personal use. During the bankruptcy proceedings the Chapter 13 Trustee asked Kakol if he had accepted a fee to represent the client and he disclosed the $1,000; he believes he told the Trustee they were being held "in escrow" but the Trustee stated that Kakol said the funds were in "an escrow account." Kakol filed an entry of appearance on the client's

behalf in the bankruptcy case and an emergency motion to reimpose the automatic stay. He also filed amended schedules and a proposed modification to the Chapter 13 plan. The court granted the motion to reimpose the stay but, finding that Kakol did not file a statement under Rule 2016 (b) with respect to the $1,000, ordered Kakol to refund the money to the client, which he did. The court also limited Kakol to filing no more than two new bankruptcy cases per month for 18 months; ordered him to complete a specified number of hours of continuing legal education on consumer bankruptcy law, ethics and professionalism, and to submit a report upon completion; and directed him to consult with the State Bar to obtain assistance with practice management issues. Kakol complied with the court's directives. Kakol admits that he violated Rule 1.15 (II) by not having an escrow account, and violated Rule 8.4 (a) (4) by telling the Trustee that he put the $1,000 in an escrow account.

Kakol has closed his solo practice and now works as an associate in a consumer bankruptcy law firm where he does not have responsibility for caseload management, filing of documents or advocacy in court. Kakol voluntarily sought counseling from a licensed psychologist to assist him with focus and organizational skills and has continued that counseling. In aggravation of discipline we find that Kakol has had prior discipline in the form of a 1984 public reprimand, a three-year suspension in 1998, and a letter of admonition in 2007. In mitigation of discipline, however, we find that Kakol's prior discipline did not involve trust fund issues; there was no selfish motive on Kakol's part with respect to the matter at issue here as Kakol merely was attempting to assist a client in a precarious legal situation and gave a money-back guarantee; the client did not file a grievance; there was no allegation of misappropriated funds; and Kakol returned the money. We also note that Kakol has been cooperative with disciplinary authorities; has sought and implemented interim rehabilitation; has voluntarily moved to an associate position; and was subjected to penalties and sanctions by the Bankruptcy Court, whose requirements he has fulfilled.

Having reviewed the record and weighed the aggravating and mitigating factors, we accept Kakol's petition and hereby order that Stanley J. Kakol, Jr., receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220, with the following conditions: (1) he will remain in his present employment with the Sandberg Law Firm LLC for at least 24 months following this Court's order, where his practice will be limited to meeting and interviewing new clients, researching legal issues and consulting with clients and attorneys on various strategies that might be used in seeking debt relief, but not signing and filing pleadings, appearing at hearings or handling financial issues for the law practice; and these restrictions will apply

if Kakol leaves his current firm and works for any other law practice during the 24-month period; (2) for a period of 24 months following entry of this Court's order Kakol will continue treatment with Dr. James A. Howard (or another board-certified psychiatrist or licensed psychologist) on at least a monthly basis, and will place himself under the jurisdiction of the State Bar's Lawyer's Assistance Program ("LAP") for evaluation and monitoring within 120 days of the Court's order, will waive confidentiality, and during the two-year period will submit reports from his treating psychiatrist or psychologist to the Office of the General Counsel and LAP every six months certifying that he remains mentally fit to practice law, and will follow any additional recommendations that the LAP deems appropriate; and (3) if, upon the State Bar's motion, it is shown that Kakol has failed to comply with any of the foregoing conditions, he will voluntarily surrender his license and no longer will be entitled to practice law in the State of Georgia.

*Review Panel reprimand, with conditions. All the Justices concur.*

DECIDED FEBRUARY 1, 2010.

*Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia. *Warren R. Hinds*, for Kakol.