## S10Y1966. IN THE MATTER OF RICARDO L. POLK.
### (701 SE2d 161)

PER CURIAM.

This disciplinary matter is before the Court on the Petition for Voluntary Discipline filed by Respondent Ricardo L. Polk (State Bar No. 001354) in resolution of four disciplinary matters, with respect to which he agrees to a Review Panel reprimand or up to three months suspension from the practice of law. Polk filed his petition prior to the issuance of a Formal Complaint and in it admits he violated Rules 1.3, 1.16, 3.2 and 5.5 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Rules 1.3 and 5.5 may be punished by disbarment, and Rules 1.16 and 3.2 may be punished by a public reprimand.

In his petition Polk admits that in SDB Docket No. 5575 he was retained by Lucian Ilardi in connection with three traffic citations Ilardi received in three different Georgia counties and was paid $500. Polk filed documents in two of the counties, resolved one of those cases a month later and the following month submitted a proposed plea agreement in the second. Polk did not file any documents in the third county, and he admits that conduct was a violation of Rule 1.3. Before he filed the grievance, Ilardi asked Polk to refund his fees and pay costs that Ilardi incurred in reinstating his driver's license. In his petition Polk agrees to pay Ilardi $708.50 but because of his financial condition and current administrative suspension of his law license for failure to pay child support, see Bar Rule 1-209, he has not repaid Ilardi, but he proposes to pay $50 per month until he has repaid Ilardi the full amount.

In SDB Docket No. 5643 Polk was retained to represent a client in a domestic relations case and was paid $1,500. Despite work performed and attempts to communicate with his client, the client became frustrated with the level of communication and the pace of her case. Following termination of the representation, Polk made the file available to the client's replacement counsel. Polk believes he earned the fees he received from this client. During the representation Polk was administratively suspended from practice for failure to pay Bar dues, and under Bar Rule 1-203, no person is allowed to practice law in Georgia unless he is an active member in good standing with the State Bar. Under Bar Rule 1-204, no one may be deemed an active member in good standing while delinquent after September 1 of any year for nonpayment of license fees. Polk did not pay his Bar dues

before September 1, 2008 and, although the State Bar received a dues check from Polk on October 7, 2008, the bank did not honor that check. Polk subsequently paid his dues and was restored to good standing but, despite not being a member in good standing, he represented the client in this matter, thus violating Rule 5.5.

In SDB Docket No. 5690, a client retained Polk on a contingency basis regarding a vehicular collision. The client was in another accident a few months later and wanted Polk to represent him in that case. The client believed Polk was representing him in the second case but Polk feels he was very clear when he explained to the client, more than once, that he would not take the case. Polk admits he violated Rules 1.3 and 3.2 by failing to act with reasonable diligence and failing to make reasonable efforts to expedite the litigation consistent with the client's interests. Because this was a contingency fee case, there are no fees to refund.

In SDB Docket No. 5691, Polk was retained to represent a client in a criminal case and received $3,500 in fees and expenses. Among the discovery materials Polk received from the State was a video recording. Despite work performed by Polk, the client became frustrated with the level of communication and the pace of the case, and terminated the representation. After termination Polk made the file available to the client but was unable to locate the video recording. Polk admits that he violated Rule 1.16 by failing to provide the video recording to the client. Polk believes he earned all the fees he received from this client. The State Bar recommends the Court accept the petition and suspend Polk's license to practice law for a period of three months.

The Court finds in mitigation of punishment that Polk did not have a dishonest or selfish motive; has suffered emotional distress bordering on depression from his personal child support case and financial circumstances; has sought counsel from Chaplain Charles Tolbert (Clinical Law Enforcement Chaplain and Georgia Department of Corrections Clinical Chaplain), who wrote a letter attached to Polk's petition stating he meets with Polk twice a week and Polk is trying to focus on his career and balancing time with his daughter; that he has made a good faith effort to rectify the consequences of his actions (and agreed to repay Ilardi); has cooperated with the State Bar; and acknowledges the wrongful nature of his conduct. Accordingly, after a review of the record we agree with the State Bar that a three-month suspension is the appropriate sanction in this matter and hereby order that Ricardo L. Polk be suspended from the practice of law in Georgia for a period of three months from the date of this order, and that he repay his client, Lucian Ilardi, the sum of $50 per month until he has repaid the entire $708.50 due. Polk is reminded of his duties under Bar Rule 4-219 (c).

*Three-month suspension. All the Justices concur, except Nahmias, J., who dissents.*

DECIDED OCTOBER 18, 2010.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar,* for State Bar of Georgia.