S12Y1745, S12Y1746, S12Y1747. IN THE MATTER OF RICARDO L. POLK (three cases).

(734 SE2d 391)

PER CURIAM.

These disciplinary matters are before the Court on the Report and Recommendation of the Special Master, John L. Strauss, who accepted the Amendment to Fourth Amended Petition for Voluntary Discipline filed by Respondent Ricardo L. Polk. In the petition, Polk requested that the Court impose a two-year suspension, with conditions, for his admitted violations of Rules 1.3 (lawyer shall act with

reasonable diligence and promptness in representing a client and shall not wilfully abandon or disregard a legal matter entrusted to him); 1.4 (lawyer shall keep the client reasonably informed about the status of matters and shall promptly comply with reasonable requests for information); and 1.16 (a) (lawyer shall not represent a client, or where representation has commenced, shall withdraw from the representation if the representation will result in violation of the Georgia Rules of Professional Conduct or other law, or if a lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client), (c) (upon withdrawal of representation lawyer shall comply with applicable law and rules) and (d) (upon termination of representation, lawyer shall take reasonable steps to protect a client's interests) of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). The maximum penalty for a violation of Rule 1.3 is disbarment, and the maximum penalty for a violation of Rules 1.4 and 1.16 is a public reprimand.

In SDB No. 5978, Schneider, who lives in Florida, hired Polk in 2009 in connection with a speeding ticket she received in Georgia, and paid him $300. Polk did not appear at a scheduled hearing and left a message for Schneider that he would have the hearing rescheduled. He did not tell Schneider that the court accepted her plea agreement and did not tell her she must pay a certain sum by a certain date. Schneider tried, but was unable to reach Polk by telephone. The clerk of the court notified Schneider that she owed a fee or her license would be suspended. Schneider was unable to reach Polk to discuss the notice. Schneider filed a grievance against Polk, and many months later he sent her a letter of apology that included a check for $100. Polk stated at the evidentiary hearing that he would have contacted Schneider had he not been arrested for an unrelated allegation and remained in jail for two months for failure to pay child support. Polk admits this conduct violated Rules 1.3 and 1.4.

In SDB No. 5979, Houpe, who lives in North Carolina, hired Polk in 2009 regarding a speeding ticket she received in Georgia, and she paid him $300. Polk did not inform Houpe about calendar conflicts he had with scheduled hearings and did not appear at those hearings. Houpe was unable to communicate with Polk by phone or e-mail. Polk subsequently sent Houpe an e-mail telling her to pay $550 to the court to resolve her ticket, but when she attempted to do so, she was advised that the amount was incorrect. Houpe was unable to communicate with Polk about that information, but several months later he sent a letter of apology to Houpe that included a check for $100. Polk negotiated a resolution of Houpe's case but did not communicate that to Houpe. He admits that his conduct violated Rules 1.3 and 1.4.

In SDB No. 6242, Mann hired Polk in 2007 to represent him on a driving under the influence charge. He later hired Polk to represent him on two other citations. Polk filed a notice of appearance and preliminary documents in January 2010. When Mann was scheduled to appear in court in August 2010 and in January 2011, Polk was suspended from the practice of law at the time and arranged for other attorneys to appear on Mann's behalf. He did not withdraw from representing Mann. Polk admits that this conduct violated Rules 1.3, 1.4 and 1.16.

The Special Master agreed to accept Polk's petition for a two-year suspension with the following conditions for readmission: (1) the Review Panel finding that Polk made full restitution to former client Lucian Ilardi as ordered by this Court in *In the Matter of Polk*, 288 Ga. 63 (701 SE2d 161) (2010); (2) the Review Panel finding that Polk paid $1,000 to Mann; and (3) within six months of readmission Polk will schedule an evaluation to be conducted by the Law Practice Management Department of the State Bar of Georgia ("LPMD"). In mitigation of discipline the Special Master found that Polk faced personal and emotional problems, and that he exhibits remorse.

We have reviewed the record and, in light of Polk's prior disciplinary history (see *In the Matter of Polk*, supra (imposing three-month suspension for conduct involving multiple clients)), and in light of the fact that this Court has received no proof regarding how much restitution Polk has paid to one of the former clients from his prior disciplinary case (see id. at 64 (promised payments to former client Ilardi)), we reject Polk's current petition for a voluntary two-year suspension with conditions.

*Voluntary discipline rejected. All the Justices concur.*

DECIDED NOVEMBER 19, 2012.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Marvin S. Arrington, Jr.*, for Polk.