In the Supreme Court of Georgia

Decided:    June 16, 2014

S14Y0413.IN THE MATTER OF JOHN B. TUCKER.

PER CURIAM.

This matter is before the Court on the Petition for Voluntary Discipline filed by Respondent John B. Tucker (State Bar No. 717750) prior to entry of a Formal Complaint.  In his petition Tucker admits that he violated Rules 5.3 (d) and 5.5 (a) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), and asks the Court to impose a Public Reprimand or up to a six-month suspension.  A violation of either rule may be punished by disbarment.

Tucker admits that in 2012 and 2013 he represented 26 clients in separate bankruptcy cases in the U.S. Bankruptcy Court for the Northern District of Georgia, and that in each of those cases, he worked with Samuel Brantley, a former lawyer who had been disbarred as a result of a conviction to commit wire fraud.  Tucker knew that Brantley had been disbarred but nevertheless allowed him to have contact with clients in person, by telephone and in writing; allowed him to meet with clients in Tucker's office; allowed him to discuss and advise

clients about the procedural and substantive aspects of their cases; did not tell the clients that Brantley had been disbarred and told clients Brantley was a lawyer; and allowed Brantley to prepare pleadings (although Tucker signed them and appeared in court). In July 2013 the U. S. Bankruptcy Court entered an order sanctioning Tucker in a case for allowing Brantley to effectively represent the client except for making court appearances, and it suspended him from practice in that court for six months.

In mitigation of discipline Tucker offers that he has cooperated with the State Bar and expresses his sincere remorse, and notes that he already has been sanctioned for his conduct by the bankruptcy court. This Court, however, in *In the Matter of Levin*, 289 Ga. 170, 175 (709 SE2d 808) (2011), expressly rejected as a mitigating factor the imposition of prior punishment for the same conduct, citing *In the Matter of Ortman*, 289 Ga. 130 (709 SE2d 784) (2011), Nahmias, J., concurring). In further support of his petition, Tucker submitted an affidavit from a City of Newnan Municipal Court judge who avers that Tucker is the sole public defender in the court; that he knows Tucker to be a person and professional of the highest integrity; and that if Tucker were unavailable for even a short period of time, the court's administration would be seriously

2

jeopardized. Although Tucker will agree to either a Public Reprimand or a six-month suspension, he asks that the Court impose only a Public Reprimand in light of these mitigating factors.

The State Bar filed a response to the petition in which it agreed that under these circumstances and given the mitigating factors, discipline ranging from a reprimand to a suspension appears appropriate, see *In the Matter of Geary*, 281 Ga. 554 (640 SE2d 253) (2007) (Hunstein, P.J. and Thompson, J., dissent).

Even though there are certain mitigating circumstances in this case, the conduct was a knowing and intentional violation of the rule against permitting a disbarred attorney to practice law, and not merely a mistake. The violation is sanctionable by disbarment. Consequently, the violation in this case requires more than just the public reprimand requested by the petitioner. We hereby order that Tucker be suspended from the practice of law in this State for a period of six months, effective as of the date of this opinion. He is reminded of his duties under Bar Rule 4-219 (c).

Six-month suspension. All the Justices concur.

NAHMIAS, Justice, concurring.

I concur fully in the Court's opinion, and particularly in the Court's rejection of Tucker's contention that his suspension by a federal bankruptcy court as a result of the same misconduct should qualify as a mitigating factor in determining the discipline that this Court should impose. As the Court indicates, a few years ago we clarified that the imposition of a criminal penalty relating to the same conduct at issue in a disciplinary matter should not be viewed as a mitigating factor. See In the Matter of Levin, 289 Ga. 170, 175 (709 SE2d 808) (2011). Levin relied on my concurring opinion in In the Matter of Ortman, 289 Ga. 130 (709 SE2d 784) (2011), where I explained that the "imposition of other penalties or sanctions" mitigating circumstance, which is included as Standard 9.32 (k) in the ABA Standards for Imposing Lawyer Sanctions (1992), is properly interpreted, and has been interpreted by this Court, as applying only to "other penalties *arising during the disciplinary proceeding itself*," such as a suspension pending final resolution of the case or a lengthy delay that effectively served as such an interim suspension. See Ortman, 289 Ga. at 131-132 (Nahmias, J., concurring) (emphasis in original). Put another way, it is proper to give a lawyer facing discipline here "credit for time served" for the same misconduct in the same proceeding, but such credit is not normally

given for time served in a separate proceeding conducted by a separate jurisdiction. See OCGA § 17-10-11 ("Each person convicted of a crime in this state shall be given full credit for each day spent in confinement awaiting trial and for each day spent in confinement, *in connection with and resulting from a court order entered in the criminal proceedings for which sentence was imposed* . . . ." (emphasis added)).

I note that we have one case that says, without citation of any authority, that a disciplinary sanction imposed on a Georgia Bar member by a non-Georgia court should mitigate the discipline imposed by this Court for the same misconduct. See In the Matter of Kakol, 286 Ga. 469, 470 (689 SE2d 308) (2010) (noting in mitigation that Kakol "was subjected to penalties and sanctions by the Bankruptcy Court, whose requirements he has fulfilled"). But we have at least four other cases, decided before and after Kakol, in which a federal court imposed sanctions that this Court did *not* treat as mitigating. See In the Matter of Bach, 291 Ga. 50, 50 (727 SE2d 496) (2012) (stating that Bach had been suspended from practice in the bankruptcy court but not mentioning that fact as mitigating); In the Matter of Ellison, 282 Ga. 647, 648-649 (651 SE2d 746) (2007) (stating that Ellison had been suspended for 180 days by the bankruptcy court and that "[w]e find no mitigating factors"); In the Matter of

2

Maxwell, 280 Ga. 304, 305 (627 SE2d 16) (2006) (stating that Maxwell was sanctioned by the federal district court but not mentioning that fact in listing the factors "appropriately considered in mitigation"); In the Matter of Randolph, 274 Ga. 482, 483-484 (554 SE2d 485) (2001) (stating that Randolph had been suspended for six months and otherwise sanctioned by the bankruptcy court but not mentioning that fact among others "[i]n mitigation").

Moreover, this Court routinely decides discipline cases that follow the imposition of sanctions by the licensing authority in another jurisdiction where the attorney committed the misconduct at issue. The sanctions imposed by such authorities – often the supreme courts of our sister states – are accorded more deference than sanctions imposed by individual trial courts like the federal bankruptcy court in this case, see In the Matter of Stubbs, 285 Ga. 702, 703 (681 SE2d 113) (2009), and such sanctions, while imposed on lawyers also licensed in Georgia, normally relate to misconduct committed in the other jurisdiction and directly affecting the other jurisdiction. Yet by rule that this Court promulgated and regularly applies, when such "reciprocal" matters come to this Court, the discipline we impose is almost always *the same* as that previously imposed by the other jurisdiction. See Rule 9.4 (b) (3) of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. There is no hint in our reciprocal

3

discipline rule or cases that the lawyer's prior sanction by a court in another jurisdiction for the identical misconduct should be considered in mitigation of the discipline to be imposed by this Court.

Finally, just like the argument that criminal penalties for the same conduct should mitigate the discipline we impose, the logic of the argument leads to the conclusion that the *more serious* the prior sanction in some other proceeding by some other jurisdiction, the *more mitigating* we should consider it in our proceeding, which seems backwards. See Ortman, 289 Ga. at 132 (Nahmias, J., concurring). If Tucker were correct, this Court should be reluctant to disbar a lawyer when the poor fellow has already suffered the ultimate disciplinary penalty – disbarment – by another jurisdiction for the same conduct. But we are not reluctant. See, e.g., In the Matter of Sossomon, 293 Ga. 669, 669 (748 SE2d 925) (2013) (disbarring Sossomon based on his disbarment by consent in North Carolina). Indeed, the fact that another court felt so strongly about the misconduct that a Georgia attorney committed in its proceedings that it imposed its own sanction, rather than merely referring the attorney to the disciplinary authorities, should signal that the misconduct at issue is particularly serious and worthy of professional discipline – that is, it should be viewed, if anything, as an *aggravating* factor.

The primary purpose of attorney discipline is to protect the public from unqualified lawyers. See In the Matter of Skandalakis, 279 Ga. 865, 866 (621 SE2d 750) (2005). That purpose would not be served if this Court treated the fact that an attorney has been suspended from practice in a federal court as an indication that he is even slightly more qualified to practice as a Georgia lawyer than if he had not been suspended. Accordingly, as we did for criminal penalties in Levin, it is appropriate that the Court has clarified, for the benefit of the lawyers we regulate and the State Bar Counsels, Special Masters, and Review Panels who must apply our disciplinary precedents, that the imposition on a Georgia lawyer of a sanction for professional misconduct by a federal court or other jurisdiction distinct from this Court's disciplinary proceeding will not be deemed to mitigate the discipline imposed by this Court. And it should be clear that our statement to the contrary in Kakol should not be followed.

I am authorized to state that Justice Blackwell joins in this concurrence.