In the Supreme Court of Georgia

Decided:    April 26, 2016

S16Y0777. IN THE MATTER OF MARY ELLEN FRANKLIN.

PER CURIAM

Respondent Mary Ellen Franklin (State Bar No. 273720) filed this petition for voluntary discipline before the issuance of a formal complaint, see Bar Rule 4-227 (b), in which she admits a single violation of Rule 5.3 (d) of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d).[1] Although Franklin requests a Review Panel reprimand, she agrees to accept a suspension of up to six months. The State Bar has responded, indicating that it does not oppose Franklin's petition, but believes that a six-month suspension is the appropriate discipline. Given the mitigating circumstances present in this case, we believe that a three-month suspension is sufficient discipline.

---

[1] Rule 5.3 (d) says:
a lawyer shall not allow any person who has been suspended or disbarred and who maintains a presence in an office where the practice of law is conducted by the lawyer, to:
      (1) represent himself or herself as a lawyer or person with similar status;
      (2) have any contact with the clients of the lawyer either in person, by telephone or in writing; or
      (3) have any contact with persons who have legal dealings with the office either in person, by telephone or in writing.

In her petition, Franklin, who has been a member of the Bar since 1987, asserts that she worked most of her career as an in-house bank lawyer, but resigned in 2005 to care for her children, one of whom has serious health issues. Afterward, she occasionally did some part-time legal work from home, operating her law practice under the name "The Law Offices of Mary Ellen Franklin" and primarily negotiating loan modifications. In January 2009, this Court ordered that Franklin's now-deceased husband, Bradley J. Taylor, who was also an attorney, receive a Review Panel Reprimand and a six-month suspension for various violations of the Rules of Professional Conduct arising from his 2005 misappropriation of a client's funds to his own use, see In the Matter of Taylor, 284 Ga. 867 (672 SE2d 653) (2009). Franklin asserts that Taylor told her that he had been reinstated to practice law in July 2009, but she admits that she never checked the status of his license for herself. In the fall of 2009, Taylor and Franklin decided to share office space and Taylor registered the Franklin Taylor Law Group with the Georgia Secretary of State.

In March 2011, Franklin apparently signed a complaint which was filed on behalf of a client, who had been a long-time client and friend of Taylor. Although Franklin recalls the client, she does not recall signing the complaint

2

or agreeing to represent the client, who had apparently hired Taylor to represent his interests with regard to certain construction and remodeling work. Although Franklin's signature was on the original complaint, she contends that her signature was forged on other documents associated with the lawsuit. Ultimately, Taylor settled the client's claims for $80,000, with the client's knowledge and consent, but Taylor apparently misappropriated the settlement funds to his own use, arranging to have them wired into his separate, non-law firm, real estate company escrow account. Franklin states that she was unaware of Taylor's deceit until November 2012, at which point an attorney representing the client summoned her and Taylor to a meeting where he allegedly threatened them with criminal prosecution. She has since learned that Taylor remained suspended after July 2009, and that he had repaid to the client approximately $25,000 of the money he misappropriated. Taylor passed away in January 2014, and Franklin asserts that she has been seeing doctors and therapists who have diagnosed her with clinical depression.

Franklin admits that she violated Rule 5.3 (d) and that her violation gave Taylor the opportunity to lie to and misappropriate funds from the client. Although the maximum penalty for a Rule 5.3 (d) violation is disbarment,

Franklin requests a lesser sanction, agreeing to accept anything between a Review Panel reprimand and a six-month suspension. She notes in mitigation that she has fully cooperated with the disciplinary authorities, that she had no prior disciplinary history, that she has suffered from various mental and emotional conditions for an extended period of time prior to and during the time giving rise to this matter, that she has been diagnosed with clinical depression and is currently undergoing regular counseling and treatment, and that she is sincerely embarrassed and remorseful for having violated the disciplinary rules. The State Bar has responded, stating that it does not dispute Franklin's description of her misconduct, and clarifying that Taylor had been administratively suspended in 2007 for failure to meet his legal education obligations and had never thereafter become a member in good standing. The Bar asserts that a six-month suspension is the appropriate sanction given that Franklin's violation concerns the public trust, as her conduct exposed the client to Taylor's improper conduct.

We have reviewed the record and the mitigating factors and agree that discipline less than disbarment is appropriate. We agree with the Bar that a suspension is necessary given that the purposes of lawyer discipline are to

4

protect the public from attorney misconduct and to promote public confidence in the legal profession and given that Franklin's conduct, although apparently unintentional, allowed a client to suffer significant financial injury at the hands of her husband. See In the Matter of Tucker, 295 Ga. 357 (759 SE2d 854) (2014) (six-month suspension for knowing and intentional violations of Rules 5.3 (d) and 5.5 (a) involving 26 different clients); In the Matter of Calomeni, 293 Ga. 673 (748 SE2d 926) (2013) (six-month suspension for various violations, including misappropriating client funds, and failing to take appropriate measures to prevent his paralegal, who was a disbarred lawyer, from having contact with clients). Nevertheless, in light of the mitigating circumstances of this case, we conclude that a three-month suspension is the appropriate sanction for Franklin's conduct.

Accordingly, we accept Franklin's petition for voluntary discipline and order that she be suspended from the practice of law in this State for three months. Because there are no conditions on Franklin's reinstatement other than the passage of time, there is no need for her to take any action either through the State Bar or through this Court to effectuate her return to the practice of law. Instead, the suspension based on this opinion will take effect as of the date this

opinion is issued and will expire by its own terms three months later. Franklin is reminded of her duties pursuant to Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. Three-month suspension. All the Justices concur.