### S16Y1734. IN THE MATTER OF RICARDO L. POLK.
(791 SE2d 771)

PER CURIAM.

This disciplinary matter is before the Court on the Report of the special master, Catherine Koura, recommending that the Court accept the petition for voluntary discipline filed by Ricardo L. Polk (State Bar No. 001354). The petition seeks a suspension to run concurrently with the 30-month suspension Polk is now serving, see *In the Matter of Polk*, 295 Ga. 215 (758 SE2d 830) (2014).

After the State Bar filed a formal complaint and this Court appointed a special master, Polk filed a petition for voluntary discipline, which the State Bar recommended accepting. After considering the petition and response, the special master found the following facts: Polk, who was admitted to the Bar in 2004, was retained in February 2012 to represent a client and her son in a possible breach of contract claim against two insurers. The client paid Polk a fee of

$1,500. Polk attempted to communicate with the two insurers, but only one responded. In September 2012, the client terminated Polk's representation, and although Polk agreed to refund the fee paid, he did not do so. After the client filed a petition with the Bar's Fee Arbitration Program, Polk agreed to a repayment plan in April 2014, but he has not yet satisfied the award. The Office of General Counsel issued its Notice of Investigation in this matter on December 10, 2014. Although Polk acknowledged service, he failed to file a sworn response to the Notice of Investigation as required by Bar Rule 4-204.3 (a), and the State Bar moved forward with a formal complaint.

By this conduct, Polk admitted, and the special master concluded, that he violated Rules 1.16 (d) and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). Although the formal complaint also alleged that Polk's conduct in this representation violated professional duties set forth in Rules 1.2, 1.3, and 1.4, Polk denied violating these rules in his response to the formal complaint, and the special master made no finding with regard to them.

Although the maximum sanction for a violation of Rules 1.16 (d) and 9.3 is a public reprimand, the special master concluded that a suspension was warranted under Rule 4-103, which provides that a finding of a third or subsequent disciplinary infraction shall constitute discretionary grounds for suspension or disbarment, based on Polk's prior disciplinary history, which in addition to the 30-month suspension he is currently serving, includes a three-month suspension, see *In the Matter of Polk*, 288 Ga. 63 (701 SE2d 161) (2010); two administrative suspensions for failure to pay bar dues in 2008 and 2015; and an administrative suspension from February 2010 to July 2011 for his failure to pay child support.[1] The special master also recommended that Polk's readmission be contingent on Polk's repayment of $1,500 to the clients pursuant to the arbitration award discussed above (or to the Client Security Fund if it made the payment in the interim), and on payment of $1,500 to a former client whose grievance was addressed in Polk's first disciplinary proceeding, *Polk*, 288 Ga. at 63-64; the record shows that client received a Fee Arbitration Award in that amount in 2009.

The special master considered and we agree that the following are aggravating factors: Polk's substantial experience in the practice of law and his prior disciplinary offenses, see ABA Standards for Imposing Lawyer Sanctions, Standard 9.22. We also agree that the following are mitigating factors: Polk's lack of a dishonest or selfish

---

[1] See Bar Rule 1-209.

motive and his cooperative attitude. See id., Standard 9.32. Although Polk submits that his willingness to pay restitution and the remoteness of his prior offenses are mitigating factors, we do not agree, considering that the record shows Polk has not paid a fee arbitration award entered in 2009 and that Polk's prior disciplinary record appears to show a troubling and consistent failure to comply with his obligations to clients and to the Bar.

Having carefully considered the record in this matter, we agree with the special master that a suspension concurrent with the 30-month suspension that Polk is currently serving is appropriate in this case and that Polk's readmission be contingent on his repayment of $1,500 to the two clients he represented in the insurance matter in 2012 per the 2014 fee arbitration award in that matter, and on payment of $1,500 to a former client whose grievance was addressed in Polk's first disciplinary proceeding. See *Polk*, 288 Ga. at 63-64. See also, e.g., *In the Matter of Gilley*, 287 Ga. 584 (697 SE2d 833) (2010) (accepting petition for voluntary discipline along with additional conditions for reinstatement recommended by the State Bar).

If Polk would like to seek reinstatement, he must submit a petition for reinstatement to the Review Panel showing compliance with the conditions for reinstatement imposed in connection with his suspension here. Upon receipt of such a petition, the Review Panel will review it and any objections to the petition filed by the State Bar's Office of General Counsel, and will make a recommendation to this Court. This Court will thereafter issue an order granting or denying reinstatement. *In the Matter of Reddick-Hood*, 296 Ga. 95, 98 (764 SE2d 416) (2014).

*Suspension with conditions concurrent with thirty-month suspension. All the Justices concur.*

DECIDED OCTOBER 3, 2016.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.