303 Ga. 675
FINAL COPY

S18Y0740.  IN THE MATTER OF RICARDO L. POLK.

PER CURIAM.

This matter is before the Court on the petition for voluntary discipline filed by Ricardo L. Polk (State Bar No. 001354) pursuant to Bar Rule 4-227 (b) prior to the issuance of a formal complaint. Polk requests that we accept his petition and impose discipline to run concurrently with the suspension with conditions he is already serving.  See In the Matter of Polk, 295 Ga. 215 (758 SE2d 830) (2014) (accepting Polk's fifth petition for voluntary discipline for violations of Rules 1.3, 1.4, and 1.16 of the Georgia Rules of Professional Conduct in connection with the representation of three clients, imposing a 30-month suspension, and requiring restitution of $1,000 to one client and evaluation by the State Bar's Law Practice Management Department) ("Polk I"). See also In the Matter of Polk, 299 Ga. 746 (791 SE2d 771) (2016) (accepting Polk's petition for voluntary discipline for violations of Rules 1.16 and 9.3 and imposing a suspension to run concurrently with the one imposed in Polk I but

adding as additional conditions on reinstatement that Polk repay $1,500 to clients he represented in 2012 and $1,500 to another client) ("Polk II").

In his latest petition, Polk, who has been a member of the Bar since 2004, admits that in May 2013 a client retained him for representation with regard to two separate criminal charges in municipal court; that they agreed on a flat fee of $1,500 for each charge; that Polk appeared on his client's behalf multiple times between June and October of 2013; and that at Polk's last appearance, both cases were transferred to state court because the client wanted a jury trial. Polk asserts that after this Court suspended his license to practice law in May 2014 (in Polk I), he notified all of his clients including this particular client of that suspension. Polk claims that he was honest and straightforward with the client and told the client that he could no longer represent the client; that the client needed to find another attorney right away; that he would assist the client in that regard; and that he would transfer the client's file to the new attorney. Polk asserts that at the time of these discussions the client had no scheduled hearings in state court or otherwise. Polk claims that the client contacted him a year later demanding a full return of his retainer, but that after discussion, he and the client agreed that Polk would return only $1,000 of the retainer. Polk

claims that he told the client that he would be unable to return the $1,000 at that time, however, because he was unemployed. Polk says that his last communication with the client was on December 8, 2015, and that the client has not made any attempts to communicate since then. Polk asserts that it is still his intention to reimburse the $1,000 to the client, but admits that he has not yet done so.

Polk admits that as a result of his interactions with this client, the Bar served him with a Notice of Investigation, advising that it had found probable cause to believe that he violated both Rule 1.16 (d) and Rule 8.4 (a) (4).[1] Polk denies that he violated Rule 8.4, and although he contends that he never knowingly or willingly violated Rule 1.16, he admits that he ultimately violated Rule 1.16 (d) to the extent that he has not refunded the $1,000 to his client.

We agree that the facts, as recited by Polk in his petition for voluntary discipline, do not suggest a Rule 8.4 (a) (4) violation. Compare <u>In the Matter of</u>

---

[1] Rule 1.16 (d) says:
Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned.
Rule 8.4 (a) (4) says it is a violation of the Rules for a lawyer to "engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation."

West, 300 Ga. 777 (798 SE2d 219) (2017) (rejecting an uncontested petition for voluntary discipline where the admitted facts strongly suggested a violation of Rule 8.4 but the petitioner declined to admit such a violation and the Bar failed to address the matter). We also agree that Polk's admitted actions amount to a violation of Rule 1.16 (d). The maximum sanction for a Rule 1.16 violation is ordinarily a public reprimand. However, Bar Rule 4-103, which says that a finding of a third or subsequent disciplinary infraction shall constitute discretionary grounds for suspension or disbarment, increases Polk's potential sanction; he not only has the prior infractions for which suspensions were imposed in Polk I and Polk II, but also an earlier three-month suspension arising from his admitted violations of Rules 1.3, 1.16, 3.2, and 5.5 as to four other clients, see In the Matter of Polk, 288 Ga. 63 (701 SE2d 161) (2010). Moreover, although Polk acknowledged no factors in aggravation of punishment, we note that in addition to the three suspensions discussed above, Polk's disciplinary history shows two administrative suspensions for failure to pay Bar dues in 2008 and 2015 and another administrative suspension from February 2010 to July 2011 for his failure to pay child support. See Polk II, 299 Ga. at 747; Bar Rule 1-209.

4

We accept as factors in mitigation in this matter that Polk lacks a dishonest or selfish motive, that he is remorseful, that he acknowledges the wrongful nature of his behavior, and that he has a cooperative attitude toward these disciplinary proceedings. But as we made clear in Polk II, we do not agree with Polk's assertion that his willingness to make restitution should count as a factor in mitigation, because despite that willingness, the fact remains that he has not actually paid restitution.  See 299 Ga. at 748. We also reject Polk's assertion that his prior disciplinary violations, all of which occurred in the past decade, are "remote" within the meaning of Standard 9.2 (m) of the ABA Standards for Imposing Lawyer Sanctions, which allows remoteness of prior offenses to be considered in mitigation of discipline. Compare In the Matter of Winningham, 285 Ga. 175 (674 SE2d 877) (2009) (noting in mitigation that the attorney's prior disciplinary offense occurred more than 35 years earlier); In the Matter of Geary, 281 Ga. 554, 555 (640 SE2d 253) (2007) (recognizing in mitigation that two of the attorney's disciplinary offenses occurred more than ten years earlier). Finally, although Polk urges this Court to consider that his difficulties in this matter arose from "financial struggles" caused in part by his earlier suspension from the practice of law, the ABA Standards do not

5

separately recognize financial difficulties as a mitigating factor, and we do not believe that the disciplinary consequences of attorney misconduct should be considered in mitigation of additional misconduct.

Although the time portions of the suspensions imposed in Polk I and Polk II expired in November 2016, Polk appears to remain suspended based on his failure to fulfill the restitution conditions on reinstatement that we imposed in those decisions. Polk does not specify what discipline he is seeking for his new violation of Rule 1.16 (d), but he implies that he would accept a suspension to run concurrently with the suspensions he is still serving and he says that he should be required to refund the full $1,000 to his client prior to seeking reinstatement. The State Bar represents that Polk is seeking a concurrent suspension with a new condition on reinstatement; argues that suspension is the appropriate discipline given the circumstances of this case and Bar Rule 4-103; and urges the Court to accept Polk's petition for voluntary discipline.

We have reviewed the record, and given the facts of this case, particularly Polk's extensive prior disciplinary history that evidences an ongoing and consistent failure to comply with his obligations as a lawyer, we conclude that the discipline requested in this matter is inadequate. Indeed, Polk seems to be

seeking as punishment for his latest professional misconduct merely an order directing him to pay his client what he already agreed to pay the client in late 2015 and should repay the client independent of any order by this Court. The "suspension" he offers to accept would add no time at all to the suspensions he is already serving because he has not repaid his other clients. Accordingly, we reject Polk's petition for voluntary discipline.

Petition for voluntary discipline rejected. All the Justices concur.

7

Decided May 7, 2018.

Petition for voluntary discipline.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar, for State Bar of Georgia.