304 Ga. 326
FINAL COPY

S18Y1385.  IN THE MATTER OF RICARDO L. POLK.

PER CURIAM.

This matter is before the Court on the petition for voluntary discipline filed by Ricardo L. Polk (State Bar No. 001354), which petition he filed pursuant to Bar Rule 4-227 (b) prior to the issuance of a formal complaint.  This Court recently rejected a prior petition for voluntary discipline as to this matter, see In the Matter of Polk, 303 Ga. 675 (814 SE2d 327) (2018) ("Polk III"), in which petition Polk sought to have this Court impose discipline to run concurrently with the 30-month suspension with conditions he is already serving,[1] see In the Matter of Polk, 295 Ga. 215 (758 SE2d 830) (2014) (accepting fifth petition for voluntary discipline admitting violations of Rules 1.3, 1.4, and 1.16 in connection with representation of three clients; requiring restitution of $1,000 to one client and evaluation by Law Practice Management

---

[1] As this Court noted in Polk III, although the time portion of the suspension imposed in connection with Polk I and Polk II has elapsed, Polk remains suspended because of his apparent failure to comply with the reinstatement conditions imposed in those prior matters.

Department of State Bar) ("Polk I"); see also In the Matter of Polk, 299 Ga. 746 (791 SE2d 771) (2016) (accepting petition for voluntary discipline for violations of Rules 1.16 and 9.3 and imposing a suspension to run concurrently with that imposed in Polk I but adding as additional conditions on reinstatement that Polk repay $1,500 to two clients he represented in 2012 on an insurance matter and $1,500 to another client) ("Polk II"). In Polk III, this Court resolved matters presented by Polk's petition as to the Disciplinary Rules violated by his conduct and as to what factors could properly be considered in mitigation of discipline, see Polk III, 303 Ga. at 576-677, but ultimately rejected his petition because the level of discipline suggested therein was insufficient, see id. at 677-678. In the present petition, Polk suggests the imposition of a suspension of between three and six months in duration, to run consecutive to the suspension that he is already serving and with conditions on reinstatement, specifically that he fulfill his restitution obligation towards the client whose grievance prompted this matter, in addition to his fulfillment of the reinstatement conditions identified in Polk I and Polk II.

As to the client whose grievance initiated this matter, Polk, who has been a member of the Bar since 2004, admits that, in May 2013, the client retained

him for representation with regard to two separate criminal charges in municipal court; that they agreed on a flat fee of $1,500 for each charge; that Polk appeared on his client's behalf multiple times between June and October of 2013; and that, at Polk's last appearance, both cases were transferred to state court because the client wanted a jury trial. Polk asserts that after this Court suspended his license to practice law in May 2014 (in Polk I), he notified all of his clients, including this particular client, of that suspension. Polk claims that he was honest and straightforward with the client and told the client that he could no longer represent the client; that the client needed to find another attorney right away; that he would assist the client in that regard; and that he would transfer the client's file to the new attorney. Polk asserts that at the time of these discussions the client had no scheduled hearings in state court or otherwise. Polk claims that the client contacted him a year later demanding a full return of his retainer, but that after discussion, he and the client agreed that Polk would return only $1,000 of the retainer. Polk claims that he told the client that he would be unable to return the $1,000 at that time, however, because he was unemployed. Polk says that his last communication with the client was on December 8, 2015, and that the client has not made any attempts to

3

communicate since then. Polk asserts that it is still his intention to reimburse the $1,000 to the client, but admits that he has not yet done so.

As noted above, in Polk III, this Court determined that Polk's admitted conduct amounted to a violation of Rule 1.16 (d)[2] but did not constitute a violation of Rule 8.4 (a) (4).[3] See 303 Ga. at 676. This Court further concluded that, although the maximum sanction for a violation of Rule 1.16 (d) is ordinarily a public reprimand, given Polk's disciplinary history, a more severe punishment was appropriate under Bar Rule 4-103, which says that a finding of a third or subsequent disciplinary infraction shall constitute discretionary grounds for suspension or disbarment. See id. This Court also addressed mitigation in Polk III, concluding that it could accept as factors in mitigation Polk's suggestions that he lacked a dishonest or selfish motive, that he is remorseful, that he acknowledges the wrongful nature of his behavior, and that he has had a cooperative attitude toward these disciplinary proceedings. See id.

---

[2] Rule 1.16 (d) says: "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned."

[3] Rule 8.4 (a) (4) says it is a violation of the Rules for a lawyer to "engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

4

This Court, however, rejected Polk's suggestions that it consider in mitigation his willingness to make restitution, the supposed remoteness of his prior discipline, or the financial difficulties he experienced resulting, at least in part, from his prior suspension. See id. at 677. In aggravation, this Court concluded that, in addition to his multiple suspensions for disciplinary matters involving clients, Polk also has had two administrative suspensions for failure to pay Bar dues in 2008 and 2015 and another administrative suspension from February 2010 to July 2011 for his failure to pay child support. See id. at 676-677. In its response, the State Bar recommends that this Court accept Polk's present petition and impose a six-month suspension with conditions.

Having reviewed the record, we find that a six-month suspension with conditions on reinstatement, to be served consecutively to the suspension Polk is already serving, is the appropriate sanction in this matter. Accordingly, we hereby order that Ricardo L. Polk is suspended from the practice of law in the State of Georgia for a period of time to end at the expiration of six months from the date of the conclusion of the suspension he is currently serving in connection

with <u>Polk I</u> and <u>Polk II</u>.[4]  At the conclusion of this consecutively entered suspension, Polk may seek reinstatement by demonstrating to the State Bar's Office of General Counsel that he has met the conditions for reinstatement, specifically, that he has complied with his reimbursement obligation toward the client whose grievance initiated this matter. If the State Bar agrees that the conditions have been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement.  Polk is reminded of his duties under Bar Rule 4-219 (c).

<u>Petition for voluntary discipline accepted. Six-month suspension with conditions for reinstatement. Hines, C. J., Melton, P. J., Benham, Hunstein, Nahmias, Blackwell, Boggs, and Peterson, JJ., concur.</u>

---

[4] The suspensions imposed in <u>Polk I</u> and <u>Polk II</u> shall continue until: (1) Polk provides proof to the State Bar's Office of General Counsel that he has fulfilled the restitution conditions on reinstatement that were imposed in those prior decisions; (2) the State Bar agrees that conditions have been met and submits a notice of compliance to this Court; and (3) this Court issues an order finding that the suspensions imposed in <u>Polk I</u> and <u>Polk II</u> have terminated and the new suspension period has begun to run.

Decided August 20, 2018.

Petition for voluntary discipline.

<u>Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar,</u> for State Bar of Georgia.