313 Ga. 115
FINAL COPY

S22Y0394. IN THE MATTER OF SAWAND PALMER.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master Larae D. Moore, who recommends that the Court accept the petition for voluntary discipline filed pursuant to Bar Rule 4-227 (c) by respondent Sawand Palmer (State Bar No. 774898) after the filing of a Formal Complaint and that the Court impose a suspension of between three and twelve months, with conditions on her reinstatement, for her admitted violation of Rule 5.5 (a) (providing that "[a] lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so") of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).[1]

---

[1] The special master notes that, because this matter was commenced prior to the July 1, 2018 effective date of the amendments to the Georgia Rules

The record reflects that Palmer, who has been a member of the Bar since 2010, was indefinitely suspended by an April 25, 2018 order of this Court for her failure to comply with the rules concerning mandatory continuing legal education for the year 2016. The special master recounts that, despite that suspension, Palmer entered a notice of appearance in superior court on May 9, 2018; appeared at a hearing on behalf of a client on May 10, 2018; and appeared at a bond hearing on the client's behalf on May 11, 2018, at which she swore in witnesses, examined witnesses, and made legal arguments. The special master further recites that, despite Palmer having been notified of her suspension by a presiding judge on May 11, 2018, and having apparently confirmed her suspension with the Bar's Continuing Legal Education Department on May 15, 2018, Palmer appeared at a hearing in a different county on May 21, 2018. On the basis of this conduct, Palmer admits that she violated Rule 5.5 (a), for which the maximum sanction is disbarment.

of Professional Conduct, it is governed by the rules that applied before that date. See *In the Matter of Podvin*, 304 Ga. 378, 378, n.1 (818 SE2d 651) (2018).

2

Although not directly relevant to the rule violation, the special master notes that Palmer has not practiced law since 2018.

As to the appropriate level of discipline, the special master notes, in aggravation, only Palmer's substantial experience in the practice of law. In mitigation, the special master states that Palmer made a good-faith effort to rectify the consequences of her conduct by resolving the continuing-education issue that prompted her suspension, that she freely made a full disclosure to the Bar regarding this matter and has displayed a cooperative attitude toward these disciplinary proceedings, that she has since maintained her continuing legal education requirements and paid her Bar dues, that she is in counseling to address issues concerning her mental health, and that she remains remorseful for her conduct. Additionally, although not listed as factors in mitigation, the special master notes that Palmer had suffered mental and emotional difficulties arising from the death of her father in August 2018, which apparently necessitated her admission to a rehabilitation program, and from a past violent relationship. Palmer also

3

experienced financial difficulties that she says prevented her consistent compliance with continuing legal education requirements and the payment of Bar dues and that resulted in her having been displaced from her home. The special master recites that Palmer has been involved in counseling and has made significant improvements in dealing with these challenges.

Having reviewed the record, we accept Palmer's petition for voluntary discipline and hereby impose a suspension of three months with conditions on reinstatement. See *In the Matter of Polk*, 288 Ga. 63 (701 SE2d 161) (2010) (three-month suspension for violations of Rules 1.3, 1.16, 3.2, and 5.5 in four client matters; no prior disciplinary history and several mitigating factors, including "emotional distress bordering on depression"). Those conditions, which Palmer suggested in her petition, the Bar supports, and the special master recommends, are that she adhere to her current medication regimen; attend monthly appointments with licensed psychiatrists; attend psychotherapy appointments with a qualified therapist, as prescribed; attend an impaired professional's program

4

for substance abuse; and maintain her continuing legal education hours. At the conclusion of the three-month suspension, Palmer may seek reinstatement by demonstrating to the State Bar's Office of General Counsel that she has met the conditions on reinstatement. If the State Bar agrees that the conditions have been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. Palmer is reminded of her duties under former Bar Rule 4-219 (c).

*Petition for voluntary discipline accepted. Three-month suspension with conditions. All the Justices concur.*

Decided January 19, 2022.

Suspension.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Copeland Haugabrook & Walker, Roy W. Copeland, Tyrone N. Haugabrook*, for Palmer.